# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

F I L E D

DEC 1 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

RONNIE MANNS
       Plaintiff

vs

Case No: 07 C 50 2 4 4

*Kapala*

ILLINOIS DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES

LUTHERAN SOCIAL SERVICES
       Defendants

COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code
   (state, county, or municipal defendants)

I.      **Plaintiff(s):**
        A.   Name: Ronnie Manns
        B.   Title: Chief of Operations
        C.   Company Name: HH&G Inc
        D.   Address: 1210 28th Street, Rockford, IL 61108


II.     **Defendants(s):**
        A.   Name: IL Dept of Children and Family Services
             Address: 200 South Wyman Street, Rockford, IL 61101


        B.   Name: Lutheran Social Services
             Address: 321 West State Street, Rockford, IL 61101

III.    There has been **no** other lawsuit filed by this plaintiff in any state or federal court in the United States.

IV.     **Statement of Claim:**
        March 3, 1997, Jermarque Taylor, Deondre Moton, Katisha Moton and Shanequa Kent was placed under my guardianship by IL DCFS. March 1, 2005, IL DCFS discontinued guardianship payments for Katisha Moton when informed that she had ran away from my home and possibly living with her mother. March 29, 2007, received notification of Suspected Child Abuse and/or Neglect. March 29, 2007, IL DCFS and State's Attorney Office filed petition to reinstate wardship of Katisha. April 9, 2007, petition of wardship granted minor to reside with plaintiff's mother. May 1, 2007, IL DCFS determined that plaintiff had
        Abused or neglected Katisha. May 10, 2007, IL DCFS' determination of abuse or neglect was appealed. July 17, 2007, Order issued by Administrative Judge to dismiss the case citing the Department voluntarily unfounded the report. August 3, 2007, plaintiff wrote IL DCFS about decision to allow Katisha back under his rules and roof. Plaintiff requested that IL DCFS completes whatever task they need to in order to return child back home to prepare for the upcoming school year. September 7, 2007, Lutheran Social Services held a case Review and did not consider the expungment /unfounded report citing "Failed Guardianship" as the reason for opening. September 18, 2007, IL DCFS held a "CAYIT" failing to consider the expungment/unfounded report and documented Katisha's current placement at Sleezer Home for the past five (5) weeks. October 1, 2007, Continuance Order revised removing the instructions that minor to reside with plaintiff's mother. Katisha was returned home.

On or about November 18, 2007, plaintiff lost his home through eviction and placed minors with his family until new residence could be secured. December 1, 2007, new residence was established but Lutheran Social Services still blocking Katisha's return home.

**V.**     **Relief:**

I am requesting the immediate return of Katisha Moton to the only real home that she has ever known as well as damages in the amount of Two Million U.S. Dollars ($2,000,000.00).

**VI.**     The plaintiff **does** demand that the case be tried jury.

**CERTIFICATION**

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 19th day of December 2007

Ron Manns

Pro Se

1210 28th Street
Rockford, IL 61108

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO
JUVENILE DIVISION

IN THE INTEREST OF

Katisha Moton                          )
Jarmaigue Taylor                       )     NO. 96 JA 285-287
A MINOR(S).          Deonte Moton       )
                                       )     ORDER OF ADJUDICATION

This Cause coming on to be heard upon the petition filed 8-22-96
and the Court having heard all the evidence, FINDS:

(X) That the minor is a(n):

( ) DELINQUENT MINOR as per Section 805-3 of the Juvenile Court Act, in that he/she
    committed the offense(s) of _____
    _____
    _____.

(X) NEGLECTED/ABUSED MINOR as per Section 802-3 of the Juvenile Court Act as to _____
    count I _____.

( ) DEPENDENT MINOR as per Section 802-4 of the Juvenile Court Act.

( ) TRUANT MINOR as per Section 803-33 of the Juvenile Court Act.

( ) MINOR REQUIRING AUTHORITATIVE INTERVENTION as per Section 803-3, Juvenile Court Act.

( ) ADDICTED MINOR as per Section 804-3 of the Juvenile Court Act.

( ) That said Abuse, Neglect, or Dependency is the result of physical abuse to the minor
    inflicted by _____
    _____.

( ) That the minor is in violation of the conditions of his/her ( ) Probation ( ) Court
    Supervision ( ) Conditional Discharge as per Section 805 of Juvenile Court Act as
    stated in the Petition filed _____, 19_____,
    on the basis of _____
    _____
    _____

IT IS HEREBY ORDERED:

( ) That pending a Dispositional Hearing, prior orders are to continue.

( ) Other _____
    _____

(X) The Dispositional Hearing is set for instanter _____
    at _____ in room _____, 19_____
    _____, Winnebago County Courthouse.

ENTERED: 1-22-97 _____        JUDGE: _____

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**
**JUVENILE DIVISION**

IN THE INTEREST OF )
)
Shanequa Kent )    NO. 96 5 A 2 8 8
_____ )
A MINOR(S). )    ORDER OF ADJUDICATION
)

   This Cause coming on to be heard upon the petition filed ___5-22-96___
and the Court having heard all the evidence, FINDS:

(X) That the minor is a(n):

( ) DELINQUENT MINOR as per Section 805-3 of the Juvenile Court Act, in that he/she
    committed the offense(s) of _____
    _____

(X) NEGLECTED/ABUSED MINOR as per Section 802-3 of the Juvenile Court Act as to _____
    ___Count I_____

( ) DEPENDENT MINOR as per Section 802-4 of the Juvenile Court Act.

( ) TRUANT MINOR as per Section 803-33 of the Juvenile Court Act.

( ) MINOR REQUIRING AUTHORITATIVE INTERVENTION as per Section 803-3, Juvenile Court Act.

( ) ADDICTED MINOR as per Section 804-3 of the Juvenile Court Act.

( ) That said Abuse, Neglect, or Dependency is the result of physical abuse to the minor
    inflicted by _____

( ) That the minor is in violation of the conditions of his/her ( )Probation ( )Court
    Supervision ( )Conditional Discharge as per Section 805 of Juvenile Court Act as
    stated in the Petition filed _____, 19_____,
    on the basis of _____
    _____
    _____

IT IS HEREBY ORDERED:

(X) That pending a Dispositional Hearing, prior orders are to continue.

( ) Other _____
    _____

(X) The Dispositional Hearing is set for ___3-3_____, 19 97
    at ___9:00 am___ in room ___243___, Winnebago County Courthouse.

ENTERED: ___1-22-97___          JUDGE: _____

# DANIEL W. HYNES
## COMPTROLLER – STATE OF ILLINOIS

IANNS RONNIE

1524 ROBEY AVE
ROCKFORD IL 61103-2134

Vendor Number **********B

| | |
|---|---|
| Agency # | CHILDREN AND FAMILY SERVICES |
| Warrant Number | AF3309028 |
| Warrant Amount | $1,299.70 |
| Warrant Date | 03-14-2005 |
| Voucher Number | PV4185SJX17849 |

**Payment Description:** THIS PAYMENT IS FOR CARE AND MAINTENANCE FOR CHILDREN
IN YOUR CARE FOR DCFS PROGRAMS PURSUANT TO STATUTE.
SUPPORTING DETAIL FOR THIS CHECK CAN BE FOUND ON YOUR
STATEMENT THAT IS MAILED UNDER SEPARATE COVER BY DCFS.
THE MATCHING NUMBER IS SJX17849 FOUND ON YOUR STATEMENT.

| Invoice Number | Inv. Date | Customer ID | Billing Account Number | Net Amount |
|---|---|---|---|---|
| | | | | 1299.70 |

Payment of interest may be available if the State fails to comply with the Illinois Prompt Payment Act. (30 ILCS 540/1)
For questions, contact:    CHILDREN AND FAMILY SERVICES 800-525-0499

STATE OF ILLINOIS
DEPARTMENT OF CHILDREN AND FAMILY SERVICES
SPRINGFIELD, ILLINOIS
STATEMENT OF PAYMENTS

MONTH ENDING

04-11-05

1-800-525-049

MANNS RONNIE
3524 ROBEY AVE
ROCKFORD                    IL   61103-2134

PROVIDER #= 345833
VOUCHER NUMBER
SKX17861

| CENTRAL OFFICE CODE | |
| --- | --- |
| 0005-00 | 05-04-1 |

| CHILDS NAME | CHILD ID | TYPE SERV | REGN FLD | SERVICE FOR MO/YR | # DAYS | TOTAL PAID |
| --- | --- | --- | --- | --- | --- | --- |
| ENT            SHANEQUA | 04649108 | 0193 | 1A 28 | 03-05 | 31 | 410.00 |
| OTON           DEONDRA | 04649103 | 0193 | 1A 28 | 03-05 | 31 | 444.85 |
| TOTAL AMOUNT | | | | | | 854.85 |

CFS 901-1 (12-

AF3709963

03756

# DANIEL W. HYNES
## COMPTROLLER – STATE OF ILLINOIS

MANNS RONNIE

3524 ROBEY AVE
ROCKFORD IL 61103-2134

Vendor Number ********* B

| | |
|---|---|
| Agency # | CHILDREN AND FAMILY SERVICES |
| Warrant Number | AF3709963 |
| Warrant Amount | $854.85 |
| Warrant Date | 04-14-2005 |
| Voucher Number | PV4185SKX17861 |

Payment Description: THIS PAYMENT IS FOR CARE AND MAINTENANCE FOR CHILDREN
IN YOUR CARE FOR DCFS PROGRAMS PURSUANT TO STATUTE.
SUPPORTING DETAIL FOR THIS CHECK CAN BE FOUND ON YOUR
STATEMENT THAT IS MAILED UNDER SEPARATE COVER BY DCFS.
THE MATCHING NUMBER IS SKX17861 FOUND ON YOUR STATEMENT.

| Invoice Number | Inv. Date | Customer ID | Billing Account Number | Net Amount |
|---|---|---|---|---|
| | | | | 854.85 |

Payment of interest may be available if the State fails to comply with the Illinois Prompt Payment Act. (30 ILCS 540/1)
For questions, contact:    CHILDREN AND FAMILY SERVICES 800-525-0499

# DCFS

**Rod R. Blagojevich**
Governor

**Erwin McEwen**
Acting Director

## Illinois Department of Children and Family Services

### NOTIFICATION OF A SUSPECTED CHILD ABUSE AND/OR NEGLECT DOCUMENT

**Name:**  Manns, Ronnie
**Address:** 4423 E. Ridge Drive
Rockford, IL 61107

**Date:**  03/29/2007
**SCR No:** 1750021-A

The Department of Children and Family Services has received a report of suspected abuse and/or neglect of the following children:
MOTON, KATISHA

The reported abuse or neglect is alleged to have occurred at:

The reported abuse or neglect is alleged to have involved the following acts/omissions (allegations):
60-Substantial Risk of Physical Injury/Environment Injurious to Health and Welfare by Neglect

**The purpose of the Department's investigation is to keep children safe. In most cases where child abuse or neglect are found, the Department will try to help families to improve their ability to protect children. This often involves obtaining social and other services for the family. In addition to obtaining services, the Department has the authority to take protective custody of children, if necessary to keep children safe, and may also involve the police and Juvenile Court.**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO
JUVENILE DIVISION

IN THE INTEREST OF         )
                                   )             NO. 96 JA 285
KATISHA MOTON           )
                                   )

### PETITION TO REINSTATE WARDSHIP

NOW COMES the People of the State of Illinois by their attorney's Paul A. Logli State's Attorney, Winnebago County, Illinois and Pamela S. Wells, Assistant State's Attorney, and motion this court pursuant to 705 ILCS 5/405-2-33, to reinstate the above named minor's wardship. In support thereof, the People states as follows:

1. Katisha Moton is under the age of 18 years of age.

2. Wardship and guardianship under the Juvenile Court Act of 1987 was vacated in conjunction with the appointment of a private guardian under the Probate Act of 1975 in the case number 98 P 260.

3. The minor is not presently a ward of the court under Article II of this Act nor is there a petition for adjudication of wardship pending on behalf of the minor.

4. It is in the minor's best interest that wardship be reinstated.

Wherefore, people respectfully request this court to reinstate minor's wardship

THE PEOPLE OF THE STATE OF ILLINOIS

_____
**Assistant State's Attorney**

STATE OF ILLINOIS        )
                          )    SS
COUNTY OF WINNEBAGO   )

Pamela S. Wells, Assistant State's Attorney, being first duly sworn, upon oath deposes and says that she has read the above and foregoing petition by her subscribed, knows the contents thereof, and that the matters and things therein contained are true to the best of her knowledge, information, and belief.

_____
**Assistant State's Attorney**

Subscribed and sworn to before me
this 29th day of March 2007.

_____
NOTARY PUBLIC

```
OFFICIAL SEAL
CORRIN M GRADO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/04/07
```

**State of Illinois**
**In the Circuit Court of the 17th Judicial Circuit**
**County of Winnebago/Juvenile Division**

IN THE INTEREST OF )
)
*Moton* )   No. *96 JA 295*
)
A MINOR. )

## CONTINUANCE ORDER

WHEREAS, the Court finds that it is in the best interest of the minor to continue this cause;

WHEREAS, IT IS HEREBY ORDERED that this cause is continued for:

- ❑ Arraignment          ❑ Adjudication of Petition_____
- ❑ Pre-Trial Conference    ❑ Review
- ❑ Disposition          ❑ Permanency Review
- ❑ Status             ❑ Other_____

| NEXT COURT DATE *October 9 2007* | TIME: *10:00 AM* |
|---|---|
| _____ | TIME:_____ |
| _____ | TIME:_____ |

- ❑ Parties agree to waive the 90-day hearing requirement and the court finds that said waiver is in the minors best interest.
- ❑ Visitation between minor(s) and Mother/Father_____
  - ❑ Shall be supervised by DCFS or its contracting agencies or_____
  - ❑ At the discretion of DCFS or its contracting agencies.
- ❑ _____ shall have no contact with the minor(s) or the minor(s) residence.
- ❑ _____ shall execute a release of information from any treating agency or organization to DCFS or its contracting agency for the purpose of obtaining information to ensure compliance with this order.
- ❑ _____, having been duly served with notice of these court proceedings and having failed to appear, it is hereby found to be in default.
- ❑ CASA is appointed as guardian-ad-litem of the minor(s). _____ is appointed attorney for CASA.
- ❑ Other: *State's motion to reinstate wardship is heard and granted*
  *Minor to reside w/ Dolly Mans.*
  _____
  _____
  _____
  _____
  _____
  _____

- ❑ All previous Orders that are not in conflict with these orders remain in effect.

Placed on Trial Call of Judge *Engelsma*

ENTERED *4-9-07*                                          _____
                                                          JUDGE

(SA:17)

State of Illinois
In the Circuit Court of the 17th Judicial Circuit
County of Winnebago/Juvenile Division

IN THE INTEREST OF:                    )
                                       )    No. ___96 JAZ85___
*Katisha Motan*                        )
                                       )
A MINOR.                               )

## TEMPORARY CUSTODY ORDER

THIS CAUSE being heard upon the Petition filed herein and the Court, having considered the contents thereof, and being fully advised in the premises, FINDS:

1. (  ) Probable cause to believe that the minor is a person subject to the Juvenile Court Act as _____.
2. (X) That the respondent(s) knowingly and intelligently waives his/her/their right to a hearing on whether there is probable cause to believe that said minor is a person subject to the Juvenile Court Act as ___*neglect. per waiver and past finding in 96 JA285 case*___
3. (  ) That the respondent(s) knowingly and intelligently waives his/her/their right to a Temporary Custody Order.
4. (X) The Department of Children and Family Services has made reasonable efforts to prevent or eliminate the need to remove the minor from his/her home or has shown good cause why such reasonable efforts cannot be made.
5. (X) That it is a matter of urgent and immediate necessity that said minor be placed in (  ) detention (X) shelter care pending further proceedings herein for the reason(s): (X)Protection of the minor; (  )Protection of the person or property of another; (  )The minor is likely to flee the jurisdiction;

IT IS THEREFORE ORDERED:

1. (  ) That the minor be forthwith held at the Winnebago County Juvenile Detention Facility, pending further proceedings herein.
   1a. (  ) Minor shall be held in non-secure custody.
   1b. (  ) That the Winnebago County Juvenile Probation Department has the discretion to release said minor to (  ) mother (  ) father (  ) _____ for pre-placement visits
   1c. (  ) The minor is ordered to home confinement subject to the condition of the Home Confinement Contract.
2. (  ) The Director of the Court Services or his designee may authorize a physician, hospital, or any other appropriate health care provider to provide medical, dental, or surgical procedures or such procedures as are necessary to safeguard the minor's life or health.
3. (X) That the minor be placed in the temporary guardianship and custody of D. Jean Ortega-Piron, or her successor as Guardianship Administrator, Department of Children and Family Services, who is hereby appointed temporary Legal Custodian of the minor until further order of this Court, and who shall have the power to consent to any major medical or surgical treatment required and recommended by a licensed physician, pending further Court orders in this cause. *With discretion to place with a responsible relative or in traditional foster care. Visitation to be at the*
4. (X) Other ___*discretion of the Department*___
   ___*Investigator to make reasonable efforts to locate parents*___
   ___*Katisha Motan to be at the next court or talk to her*___
   ___*lawyer*___
5. (X) This cause set for ~~arraignment~~ ~~Shelter Care Trial~~ on ___*April 9, 2007    11 Am*___.

ENTERED: ___*3/29/07*___        _____
                                              JUDGE



**Rod R. Blagojevich**
**Governor**

**Erwin McEwen**
**Acting Director**     # Illinois Department of Children & Family Services

```
INVESTIGATION OF SUSPECTED CHILD ABUSE OR NEGLECT--INDICATED PERPETRATOR
                                            MAY 01, 2007

RONNIE MANNS
4423 EASTRIDGE DR
ROCKFORD, IL 61107-4919
```

Dear Mr. MANNS,

                    RE:  *SCR#*  – 1750021-A
                         Name  - Manns, Ronnie

You were previously notified by a Child Protection Investigator that the
Department of Children and Family Services (DCFS) was investigating a report of
*child abuse or neglect.  After a thorough investigation, DCFS has determined that*
you have abused or neglected a child.

The Department has indicated you for

• Substantial Risk of Physical Injury/Environment Injurious to Health and
Welfare by Neglect

An indicated finding means that DCFS' investigation found credible evidence
of child abuse/neglect. Credible evidence means that the facts gathered
during the investigation would lead a reasonable person to believe that a
child was abused or neglected.

Indicated reports of child abuse/neglect are retained on file in the State
Central Register. An indicated report of Substantial Risk of Physical
Injury/Environment Injurious to Health and Welfare by Neglect is retained
on the State Central register for Five (5) years.  In general, access to
the State Central Register is confidential and governed by state law. Under
certain circumstances, the State Central Register may disclose the
information on file about you. For example, certain occupations require
background checks with the State Central Register.

You may request a copy of the investigation file by writing to the State
Central Register at the following address:

                    State Central Register
                    406 E. Monroe St., station 30
                    Springfield, Illinois 62701-1498

# DCFS

**Rod R. Blagojevich**
**Governor**

**Erwin McEwen**
**Acting Director**

## Illinois Department of Children & Family Services

The investigation file will not include the names of any persons who made the initial call to the DCFS Child Abuse Hotline or cooperated in the investigation.

You have the right to appeal the decision to indicate you. Your request for an appeal must be in writing. You must send your request within sixty (60) days of the date of this letter. Send your request to:

> Administrative Hearings Unit
> Expungment Appeals
> 406 E. Monroe St., Station #15
> Springfield, Illinois 62701-1498

Please include the following information in your request for the investigative file and your request for an appeal.

- Your full name and address
- A telephone number where you can be reached
- The full name(s) of the child(ren) in the indicated finding (if known)
- The SCR case number listed above

Sincerely,

*Linda Everette-Williams*

Linda Everette-Williams, Administrator
State Central Register

**406 E Monroe, Station 30 • Springfield, Illinois 62701-1498**

#0001 v4

ACCREDITED • COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES

2

*MAR 1, 2005*

*Dec 05*

*3-19-05*
*3-27-07*

**RON MANNS**
**4400 EASTRIDGE DRIVE #9**
**ROCKFORD, ILLINOIS 61107**
**815-703-9014**

*2*
*14 - MAY 04 ,*

*12*
*26*

*11, 544*

MAY 10, 2007
SCR #1750021-A
KATISHA MOTON
*24th July 9:30 AM*

**ADMINISTRATIVE HEARINGS UNIT**
**EXPUNGEMENT APPEALS**
**406 E. MONROE STREET, STATION #15**
**SPRINGFIELD, IL 62701-1498**

Dear Ms. Linda Everette-Williams,

I am in receipt of your letter dated May 1, 2007 in which you speak of an
indictment of "Substantial Risk of Physical Injury/Environment Injuries to
Health and Welfare by Neglect". To say that I disagree with your "through"
investigation is an understatement. The reasons for my disagreement is as
follows but are not limited by that which follows;

**IT IS MY BELIEF,** based on experience as a Military Policeman in the
United States Marines from Sept 1980 till April 1991;

A "through" investigation would have revealed a letter of concern to your
organization which should have spurred someone from IL DCFS into action.

A "through" investigation would have revealed a Runaway Report filed in
2002/2003 by myself to the Rockford Police Department in regards to
Kathisa.

A "through" investigation would have revealed that reasonable action from
IL DCFS would have to been collection of Kathisa after receiving the letter
and learning of the runaway report.

A "through" investigation would have revealed the only action taken by IL
DCFS was revocation of funds in 2002/2003 for Katisha's care and welfare.

A "through" investigation would have revealed failure to further assist the <u>novice</u> foster parent in properly protecting themselves by making avenues to the judicial system accessible.

A "through" investigation would have revealed that for as long as these children have been in my care no history of such a charge of this caliber.

**THEREFORE I SURMISE THAT** this is a cover to hide the inaction of IL DCFS. I surmise that it's to hide that the revocation of the funds for Kathisa's care and welfare was supposed to be in conjunction with accessibility to judicial foster parent protection which did not occur.

**IT MUST BE MENTIONED THAT** if I had been informed as to what will happen in order to properly place Kathisa where she could flourish and be successful prior to receiving this letter, I would have gladly taken the charge because she deserves nothing less. Needless to say that I am apprehensive about this charge now for fear that it may effect my purchase of an existing transportation brokerage business and my 20 month old daughter.

Respectfully,

Ron Manns

STATE OF ILLINOIS
DEPARTMENT OF CHILDREN AND FAMILY SERVICES
ADMINISTRATIVE HEARINGS UNIT

IN THE MATTER OF:                          )
                                           )
Ron Manns,                                 )        SCR#  1750021-A
                                           )        DKT# 2007-E-00787      AHU# 52-8639
              Appellant                    )
                                           )

# ORDER

**THIS CAUSE COMING ON TO BE HEARD** by the Administrative Law Judge, pursuant to Rule 336, it is hereby ordered that the case is dismissed for the following reason:

     __X__    The Department has voluntarily unfounded the report.

When your case is unfounded, your name will be removed from the State Central Register. You will no longer be listed as a person who abused or neglected a child. This decision only applies to this indicated finding (sequence or incident). This decision does not apply to any other prior indicated findings of abuse or neglect.

This is the final administrative decision. If you are not satisfied you may seek judicial review in the circuit court under the Administrative Review Law, 735 ILCS 5/3-101 et seq. (West 2002), by filing a complaint for administrative review with the circuit court within 35 days of the date this order was served on you.

Date: _July 26, 2007_

_____
Administrative Law Judge

A copy of this **ORDER** has been served, by **CERTIFIED MAIL**, upon:

Ron Manns
4400 Eastridge Drive, #9
Rockford, IL 61107

A copy of this **ORDER** has also been served, by U.S. MAIL, personal delivery or Inter-agency mail, upon:

Donald Jonker, Department Representative
Joe Becerra, DCP Manager
Intake Unit
Linda Everette-Williams, State Central Register
Chron/File

RON MANNS
4400 EASTRIDGE DRIVE #9
ROCKFORD, ILLINOIS 61107
815-703-9014

August 03, 2007

DEPARTMENT OF CHILDREN & FAMILY SERVICES
200 SOUTH WYMAN  STREET SUITE #201
ROCKFORD, IL 61101

Dear DCFS,

On this date, I was visited by Kathisa Moton inquiring about reuniting with
her siblings and moving back in.  After laying down my terms and
conditions for the return, she agreed and it was decided that I would allow
her to come back and start again with a clean slate.  She is very much aware
of the rules and regulations of my household and says she is willing to abide
by them.
It is requested, that any actions that your organization needs to take based
on this news be done as quickly as possible so that I can get her set before
the school year starts.  Please be advised of the new home address which is
stated above.

Thank you and God bless,

Ron Manns

## ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES
## FAMILY SERVICE PLAN

**Case Name:** Manns, Ronnie    **Case ID#:** 868068    **Date Plan Initiated:** 09/07/2007

**Service Plan Narrative**

**1. Problem(s) that brought this case to the attention of the Department:**

Case opening reason: Failed Guardianship

This case was brought to the attention of DCFS when a hotline call was placed stating that Katisha Moton was living with her biological mother, Blanch Manns, who had previously lost guardianship of her when Katisha was eight years old. Guardianship had been granted to maternal uncle, Ronnie Manns, but it was reported that Mr. Manns brought Katisha to live with her mother and brother two years ago when Katisha began fighting in school and repeatedly running away. Katisha had been living with her mother for about two years at the time of hotline call.

PREVIOUS INVOLVEMENT- Katisha was removed from the home of her mother when she was eight years old due to the fact that her mother was using drugs. At that time, Katisha was placed with her maternal uncle, Ronnie Manns, who was her guardian for approximately 6 years.

**2. Summarize significant developments/events in the case since the last case plan:**

Katisha was residing with her maternal grandmother, Dolly Manns before she went on run on June 20th, 2007. This worker called Dolly Manns weekly to see if she had heard from Katisha. Katisha was located by the police on August 13th, 2007 and has been placed at Sleezer Youth Home in a shelter bed. Ronnie Manns has expressed interest in Katisha coming back to live with him and possibly adopting her. Blanch Manns has only recently made contact with LSSI, stating she will do what ever is necessary to get Katisha back. Due to a recent flooding of her home, Dolly stated Katisha could not stay with her.

**3. Indicated allegations since the last service plan.**

None

**4. Information regarding the family's primary language or mode of communication.**

  a. Bilingual worker - Not needed

    Translator - Not needed

    Special equipment - Not needed

    Additional information -    None

  b. Bilingual Foster Home is not needed.

  c. Recommended services are available in the preferred language or mode of communication.

    Additional information -    none

**5. Legal Screening**

This case has not been referred for a legal screening.

This case will not be referred for legal screening within the next six months.

**6. Current Goal: MOTON, KATISHA**

**Permanency goal being evaluated:** Return Home Within 12 Months

**Evaluation of permanency goal based on last service plan:** Satisfactory Progress/Maintain Goal

**Is this goal set by the court?** No

State of Illinois
Department of Children and Family Services

# Child and Youth Investment Team Action Plan based on Child and Adolescent Needs and Strengths (CANS) – Comprehensive Multisystem Assessment - Short Form

## Personal Information

**Child's Name:** Katisha Moton  **DOB:** 02/25/1991  **Child's ID:** 04649104

**Region/Site/Field:** 1A/__/UI    **Date Of CAYIT:** 09/18/2007    **Location/Site of CAYIT:** Rockford

**Agency Name:** LSSI  **Worker:** Jennifer Saporita  **Worker Phone:** (815) 969-8836 ext _____

**Supervisor:** Jeri Lundquist  **Supervisor Phone:** (815) 969-8836 ext _____

**Youth's Current Placement:** Sleezer (past 5 weeks)

## Summary of Strengths:

Uncle reports that Katisha is smart. She is able to explain things to other kids. She learns new concepts easily. Katisha follows thru with jobs after being asked one time. Katisha is compassionate and protective of her siblings. She is a caretaker to others. Katisha can cook (cornbread, chicken, spaghetti, etc) and clean. Katisha has a few friends who positively impact her life. Uncle reports that Katisha wants to go to college. She assisted her mother with the last birth of her youngest sibling and may be interested in doing something in this area. Katisha also has an interest in being a veterinarian and/or work with animals. Katisha likes to "do hair". She sings well. Katisha likes to crochet. Katisha enjoys outdoor activities. He is proud of Katisha and her ability to overcome adversity.

Caseworker reports that Katisha is honest. She is able to trust others. She is focused and driven to succeed and wants to finish high school. Katisha is a good listener. Katisha accepts direction well. She is intuitive, respectful, and polite.

Katisha reports that she likes to cook beans, chicken, and breakfast foods. She is interested in being a veterinarian. She likes R&B music, especially Destiny's Child and Aaliyah. Katisha thinks she is smart. She reports her cousin is her best friend.

Supervisor reports that she has a family who cares about her. Katisha is sensitive. Katisha has been opening up more about what concerns her.

## Summary of Needs:

Life Skills assessment, Education, Family Connection, Individual Counseling.

## Primary Level of Care Recommendation HMR:

**Provider:** _____          **Provider:** _____

**Provider:** _____          **Provider:** _____

**State of Illinois**
**In the Circuit Court of the 17th Judicial Circuit**
**County of Winnebago/Juvenile Division**

IN THE INTEREST OF                )          96 JA 235

Katisha Moton                      )          No. ~~96 JA 10~~

A MINOR.                           )

## CONTINUANCE ORDER

WHEREAS, the Court finds that it is in the best interest of the minor to continue this cause;

WHEREAS, IT IS HEREBY ORDERED that this cause is continued for:

❑ Arraignment                              ❑ Adjudication of Petition_____
❑ Pre-Trial Conference                     ❑ Review
❑ Disposition                              ❑ Permanency Review
❑ Status                                   ❑ Other_____

| NEXT COURT DATE _____ | TIME:_____ |
| _____ | TIME:_____ |
| _____ | TIME:_____ |

❑ Parties agree to waive the 90-day hearing requirement and the court finds that said waiver is in the minors best interest.

❑ Visitation between minor(s) and Mother/Father_____
     ❑ Shall be supervised by DCFS or its contracting agencies or_____
     ❑ At the discretion of DCFS or its contracting agencies.

❑ _____ shall have no contact with the minor(s) or the minor(s) residence.

❑ _____ shall execute a release of information from any treating agency or organization to DCFS or its contracting agency for the purpose of obtaining information to ensure compliance with this order.

❑ _____, having been duly served with notice of these court proceedings and having failed to appear, it is hereby found to be in default.

❑ CASA is appointed as guardian-ad-litem of the minor(s). _____ is appointed attorney for CASA.

☒ Other: Discretion to place minor with responsible relative or traditional foster care.

_____
_____
_____
_____
_____
_____
_____

☒ All previous Orders that are not in conflict with these orders remain in effect.

Placed on Trial Call of Judge Heaslip

ENTERED Oct. 1, 2007                    _____
                                                      JUDGE

Nunc pro tunc ~~____~~, 2007                                          97   (8A:17)

# PLACEMENT / PAYMENT AUTHORIZATION FORM

PRIVATE AGENCY
INSTITUTION
GROUP HOME

NO. **880743**

| CHILD NAME (LAST) | (FIRST) | (M) | ID # | RG | ST | FD |
|---|---|---|---|---|---|---|
| Moton | Katisha | | 046491041 | $1A | | UI |

**TYPE OF TRANSACTION :**

- [ ] 1. INITIATE PLACEMENT
- [✓] 2. CHANGE PLACEMENT*
- [ ] 3. FINAL LIVING ARRANGEMENT
- [ ] 4. PRIOR PLACEMENT
- [ ] 5. CHANGE AMOUNT
- [ ] 6. CORRECTION

*Notice of Change of Placement (CFS 151-B) must be sent to the Guardian ad Litem.  Date Notice sent: 10-1-07

## PLACEMENT DATA

| TYPE | REASON | DATE | TIME | | OUT OF STATE PLACEMENT |
|---|---|---|---|---|---|
| HMR | | 10-1-07 | | ☐ AM ☐ PM | ☐ LICENSED IN THAT STATE? ☐ INTEND TO RETURN CHILD TO ILLINOIS? |

| PROVIDER ID | TYPE SERVICE | CONTRACT # | RATE SEQUENCE |
|---|---|---|---|
| 640 | 4127 | | |

| AMOUNT | AMOUNT DATE | |
|---|---|---|
| | | ☐ CHECK IF PLACEMENT **NOT** TO BE PAID |

PROVIDER NAME: X Bonnie Manns

AGENCY NAME: LSSI

STREET ADDRESS: 4400 East Kidge Dr.

CITY: Rockford    STATE: IL    ZIP CODE: 61107

COUNTY: Winn    TELEPHONE #: 815-708-8172    SOCIAL SECURITY #: 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

## SIGNATURES

| PROVIDER | DATE |
|---|---|
| Bonnie Manns | 10-1-07 |

| CASE WORKER | DATE |
|---|---|
| Jennifer Saporito | 10-1-07 |

| ID # | TELEPHONE # |
|---|---|
| 315595 | 815-969-8836 |

| SUPERVISOR'S INITIALS | DATE |
|---|---|
| SA | 10-1-07 |

| ID # |
|---|
| 8718 |

### TERMINATION OF PLACEMENT

| PROVIDER ID # | REASON | DATE |
|---|---|---|
| | | |

| | PROVIDER INITIALS | CASEWORKER |
|---|---|---|
| | | |

## NARRATIVE:

Katisha is being placed Back with her uncle Bonnie.

Stamped: 10661831

10-1-07

X Bonnie Manns