IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| Ronnie Manns, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 07 C 50244 |
| v. ) | |
| ) | Hon. Frederick J. Kapala |
| ) | Judge Presiding |
| Illinois Department of Children and ) | Magistrate Judge P. Michael Mahoney |
| Family Services, *et al*. ) | |
| ) | |
| Defendants. ) | |

**STATE DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant the Illinois Department of Children and Family Services (hereinafter "DCFS" or "Department"), by its attorney, LISA MADIGAN, Illinois Attorney General, and submits the following memorandum of law in support of its motion to dismiss Plaintiff's Complaint.

**Introduction**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff seeks redress against Defendant DCFS in the form of monetary damages and mandatory injunctive relief. This Court lacks jurisdiction over DCFS, regardless of the relief sought against it, because it is an agency of the State of Illinois. The Eleventh Amendment to the United States Constitution provides that neither the State nor its agencies may be made defendants subject to the jurisdiction of the United States District Court. This Court must dismiss the Illinois Department of Children and Family Services as a defendant in this action.

Plaintiff's complaint discusses his dissatisfaction with the conduct and outcome of state court proceedings and the administrative process. To the extent that Plaintiff is attempting to

litigate matters previously considered by the state court, the doctrine of issue preclusion and the *Rooker-Feldman* doctrine bars the federal court from reconsidering those issues.

## Statement of Facts

Plaintiff, Ronnie Manns, alleges that he had four children placed with him by the Illinois Department of Children and Family Services. (Compl. at 1). On March 1, 2005, Plaintiff alleges that the Department discontinued guardianship payments when the Department learned that one of the children, Katisha M., had ran away from his home and was possibly living with her mother. (*Id.*) Plaintiff alleges that, thereafter, Katisha M. was the subject of a petition for wardship in State juvenile court and that Defendant Lutheran Social Services is blocking the return of Katisha M. to his home. (*Id.* at 1-2). Plaintiff is requesting "the immediate return of Katisha M. to the only real home that she has ever known as well as damages in the amount of Two Million U.S. Dollars ($2,000,000.00)." (*Id.* at 2).

## Argument

I.  **THE ELEVENTH AMENDMENT PROHIBITS PLAINTIFFS' CLAIMS AGAINST THE ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES.**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Although not readily apparent from the amendment's text, it has long been settled that the amendment applies equally to suits against a state brought in federal court by citizens of the state. *See Hans v. Louisiana*, 134 U.S. 1, 18-19, 10 S.Ct. 504, 508 (1890).

Moreover, the State need not be formally named as a defendant for the amendment to apply; when a state official is made a defendant in a suit, whether it is nominally brought against

him in his official or individual capacity, a court must determine the real, substantial party in interest. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908 (1984)(*quoting Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347 (1945)). If it is the State, the official may assert the defense of Eleventh Amendment sovereign immunity. *Id.* at 101-02, 104 S.Ct. at 908-09. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Id.* at 101 n.11, 104 S.Ct. at 908 n.11.

Because the Eleventh Amendment is an "explicit limitation on federal judicial power," *Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363 91974), a federal court is without jurisdiction to hear a claim against an unconsenting state absent congressional abrogation. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147 (1985).

The Supreme Court has recognized three situations in which there is a "surrender" of Eleventh Amendment sovereign immunity: (1) when a state waives its Eleventh Amendment sovereign immunity and consents to suit in federal court, *see Atascadero State Hospital v. Scanlon*, 473 U.S. at 238, 105 S.Ct. at 3145; (2) when Congress, acting pursuant to section 5 of the Fourteenth Amendment, abrogates a state's Eleventh Amendment sovereign immunity by expressing an unequivocal intent to do so, *see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55-73, 116 S.Ct. 1114, 1123-32 (1996); and (3) when a state official is sued for prospective injunctive relief to end a continuing violation of federal law, see id. at 73, 116 S.Ct at 1132; Ex parte Young, 209 U.S. 123, 155-56, 28 S.Ct. 441, 452 (1908). None of these situations apply in this case.

The Eleventh Amendment bars the State of Illinois from becoming a defendant in an action brought in federal court without the State's consent. *Seminole Tribe of Florida v. Florida*, 116 S. Ct. 1114, 1122 (1996). The Eleventh Amendment bars "suit[s] by private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356 (1974)), *reh'g den.* 416 U.S. 1000. Although the complaint names the Department of Children and Family Services instead of the State of Illinois as a defendant, a state agency is the "State" for purposes of Eleventh Amendment immunity in federal court. *Kroll v. Board of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991) *cert. denied* 502 U.S. 941; *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Professor Tribe has characterized the naming of a state (or a state agency) as a defendant in federal court as a "gross pleading error." L. Tribe, *American Constitutional Law*, §3-35 (1978). Because the complaint is on its face an action against the State for injunctive relief and money damages, it is completely barred by the Eleventh Amendment and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.    THE *ROOKER-FELDMAN* DOCTRINE AND THE DOCTRINE OF ISSUE PRECLUSION BAR THIS ACTION.

The essence of Plaintiff's complaint is his dissatisfaction with the conduct and outcome of state court proceedings and the administrative process. (Compl. at 1-2). To the extent that Plaintiff is attempting to litigate matters previously considered by the state court, the doctrine of issue preclusion bars the federal court from reconsidering the issue. *See Jensen v. Foley,* 295 F.3d 745, 748 (7th Cir. 2002) (holding that the federal court was barred by the doctrine of issue preclusion from reconsidering the state court issue in the federal lawsuit). Federal courts must give state court judgments the same preclusion as the court in that state would. *Id.* Issue

preclusion applies in Illinois when the same controlling issue of fact material to the determination is at stake in two consecutive cases, and that issue was adjudicated against a party in the first suit. *Id.* at 748-49.

Moreover, federal courts do not have subject matter jurisdiction over challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-487 (1983). Recently, the United States Supreme Court has held that the *Rooker-Feldman* doctrine bars cases brought in federal court complaining about injuries caused by state court judgments rendered before the start of the federal court proceedings and which ask the federal court to review and/or reject those judgments. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine limits federal court jurisdiction by dictating that federal courts do not have subject matter jurisdiction to review decisions of state courts. *Levin v. ARDC, 74 F.3d* 763, 766 (7th Cir. 1996). In addition, a federal court runs afoul of the *Rooker-Feldman* doctrine when it is called upon to consider a claim that although was not argued in the state court, was "inextricably intertwined" with the state court's judgment. *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994). In *Pennzoil v. Texaco, Inc.,* 481 U.S. 1 (1987), the Court defined the meaning of "inextricably intertwined":

> [I]t is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, any other than a prohibited appeal of the state-court judgment.

*Pennzoil*, 481 U.S. at 25. The Court elaborated on the relationship between a state court ruling and a plaintiff's federal challenge, explaining:

> If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application . . ., then the district court is in essence being called upon to review the state-court decision.

*Feldman*, 460 U.S. at 483-484 n. 16. As a result, litigants who believe a state proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court. *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996). It is settled that a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action. *Riter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Thus, to the extent that Plaintiff's claim is the result of his displeasure with the juvenile court proceedings in the Circuit Court of Winnebago County, under *Rooker-Feldman* this claim is barred in federal court.

　　The fact that Plaintiff may have already waived the opportunity to challenge a violation of his constitutional rights, leaving him with no forum in which to assert his claim, does not affect this Court's lack of jurisdiction under *Rooker-Feldman. Garry v. Geils*, 82 F.3d 1362, 1369 (7th Cir. 1996). The Supreme Court in *Feldman* acknowledged this consequence: "[b]y failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court. This result is eminently defensible on policy grounds." *Feldman*, 460 U.S. at 482 n. 16. Moreover, the fact that Plaintiff is seeking damages does not affect the conclusion that the *Rooker-Feldman* doctrine bars jurisdiction over this case. *See Wright v. Tackett*, 39 F.3d 155, 156 (7th Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995) (fact that plaintiff was seeking damages did not prevent court from denying jurisdiction based on the *Rooker-*

*Feldman* doctrine). The *Rooker-Feldman* doctrine precludes relitigation of these matters in federal court.

To the extent that the adjudication of the allegations in Plaintiff's complaint requires this Court to review, reconsider, or become entangled in state court decisions, the *Rooker-Feldman* doctrine compels the dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

## Conclusion

WHEREFORE, for the foregoing reasons and for the reasons stated in State Defendants' motion to dismiss, the Illinois Department of Children and Family services respectfully requests that this Honorable Court grant their motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ .P. 12(b)(1).

    Respectfully submitted,

    LISA MADIGAN, Illinois Attorney General

By:   s/James C. Stevens, Jr.\_\_\_\_
      James C. Stevens, Jr.  06191415
      Assistant Attorney General
      Attorney for State Defendants
      100 W. Randolph St., Suite 11-200
      Chicago, IL 60601
      (312) 814-6788
      Fax # (312) 814-6885
      jim.stevens@illinois.gov