369.063613(232)                          RMW/CHA/tgc

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| RONNIE MANNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 50244 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CHILDREN AND FAMILY SERVICES, | ) | |
| and LUTHERAN SOCIAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LUTHERAN SOCIAL SERVICES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Lutheran Social Services (hereinafter "LSS"), a nonprofit social services agency, by its attorneys, Richard M. Waris and Cynthia H. Alkhouja of Pretzel & Stouffer, Chartered, and in support of its motion to dismiss the Plaintiff's complaint submits the attached exhibits and states as follows:

### INTRODUCTION

Plaintiff, Ronnie Manns ("Plaintiff"), brings the instant action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and monetary damages against LSS. Plaintiff's complaint asserts that he has been damaged and dissatisfied by adverse Illinois state court and administrative decisions in connection with the placement and guardianship of Katisha Moton and asserts that LSS is "blocking" Katisha's return to him. (*See* Order of Adjudication in *In re: Moton*, 17th Judicial Circuit of Illinois, Juvenile Division, Case No.: 96 JA 285, attached to Plaintiff's complaint as page 4, Petition for Wardship, attached as page 10, Continuance Order, attached as page 11, Temporary Custody Order,

attached as page 12, and Continuance Order, attached as page 21. Plaintiff's Complaint, attached hereto as Exhibit 1.)

However, (1) because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) because LSS is immune from civil liability under the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, and (3) because Plaintiff admits that he is not seeking injunctive relief and fails to assert any basis for an award of monetary damages, this Court must dismiss Plaintiff's complaint.

## STATEMENT OF FACTS

Plaintiff, Ronnie Manns, alleges that, in 1997, he had four children placed with him by co-defendant Illinois Department of Children and Family Services ("DCFS"). (*See* Plaintiff's Complaint, attached hereto as Exhibit 1, p. 1.) One of the children placed with him was Katisha. (*Id.*) On March 1, 2005, Plaintiff alleges that DCFS discontinued guardianship payments for Katisha because she had run away from his home and was possibly living with her mother. (*Id.*) Thereafter, Katisha was involved in a petition for wardship in Illinois juvenile court system and Plaintiff alleges that LSS is "blocking" the return of Katisha from his home. (*Id.* at 1-2; *See* also page 11 of Plaintiff's complaint, a Continuance Order of the Illinois Juvenile Court granting the State's motion to reinstate wardship and placing Katisha with her grandmother, Dolly Manns.)

Plaintiff admits, however, that Katisha was returned to Plaintiff's home on or about December 10, 2008. (*See* page 22 of Plaintiff's complaint, a Placement Authorization Form authorizing the State to place Katisha back with Plaintiff; *See also* Plaintiff's brief in support of denial of co-defendant DCFS' motion to dismiss, attached hereto as Exhibit 2, p. 1.) Plaintiff also admits that he does not seek injunctive relief. Rather, he only seeks damages in the amount of $2

million. (Ex. 1 at 2; Ex. 2 at 1.)

For the reasons set forth below, Plaintiff's complaint should be dismissed.

## ARGUMENT

### I.    THE *ROOKER-FELDMAN* DOCTRINE AND ISSUE PRECLUSION BAR THIS ACTION.

Plaintiff is attempting to re-litigate matters in the instant federal court action that have been previously considered and decided by an Illinois court. Documents attached to Plaintiff's complaint show that Illinois Juvenile Courts have been considering and deciding upon Katisha's placement. (*See* pages 4, 10, 11, 12, 17 of Plaintiff's complaint, showing that the 17th Judicial Circuit of Illinois and DCFS have been deciding on issues in *In re Moton*, a minor, Case No.: 96 JA 285.) As a result, this case is barred by the preclusion doctrine. *See Jensen v. Foley,* 295 F.3d 745, 748 (7th Cir. 2002) (Holding that a federal court is barred by the issue preclusion doctrine from considering the state court issue in a federal lawsuit.)

Issue preclusion prevents a party from relitigating an issue that it has previously litigated and lost. *Jensen,* 295 F.3d 748 citing *Donald v. Polk County,* 836 F.2d 376, 381 (7th Cir.1988). Federal courts must give state court judgments the same preclusive effect "as would a court in the rendering state." *Id.* at 382. In Illinois, issue preclusion applies when, in two consecutive cases, the same controlling issue or fact material to the determination is at stake, and that issue was adjudicated against a party in the first suit. *Jensen,* 295 F.3d 748-49. Thus, Plaintiff is not allowed to litigate in this case issues that have previously been litigated in an Illinois court.

Additionally, Plaintiff's claims must be dismissed because this court does not have subject matter jurisdiction over Plaintiff's claims. The *Rooker-Feldman* doctrine – derived from two Supreme Court decisions – is based upon the recognition that lower federal courts do not have the

power to exercise appellate review over state court decisions. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001) citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983). Under *Rooker-Feldman,* lower federal courts lack jurisdiction over claims seeking review of state court judgments or over claims that are "inextricably intertwined" with state court determinations. *4901 Corp. v. Cicero,* 220 F.3d 522, 526 (7th Cir.2000). Thus, a party who seeks to overturn a state court judgment must proceed through the state judicial system and can seek federal review only from the United States Supreme Court. *Id.*

Further, a federal Plaintiff may not seek the reversal of a state court decision simply by casting his complaint in the form of a constitutional violation. *See Garry v. Geils,* 82 F.3d 1362, 1369 (7th Cir.1996). Thus, constitutional claims that are "inextricably intertwined" with state court judgments negate federal district court jurisdiction because they would call for review of the state court's decision. *Garry,* 82 F.3d at 1368 (citing *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303).

To determine whether the Plaintiff is attacking the state court judgment itself, the nature of the injury is crucial. *Nationscredit Home Equity Services Corp. v. City of Chicago,* 135 F.Supp.2d 905, 909 (N.D.Ill.,2001). For example, in *GASH Associates v. Rosemont,* 995 F.2d 726 (7th Cir.1993), the Seventh Circuit found that the federal plaintiff was not asserting a separate constitutional violation but was attacking the judgment of the state court. *Id.* at 728-29 (holding that *Rooker-Feldman* applied where federal plaintiff's § 1983 for improper taking was an attack on the state court's confirmation of a foreclosure sale of his house).

Similarly, here, the *Rooker-Feldman* doctrine applies to bar Plaintiff's claims. To the extent that Plaintiff is asserting that adverse Illinois judicial proceedings in *In re Moton,* 96 JA 285, have caused his injuries, Plaintiff's claims require this Court to reconsider and become entangled in

Illinois state court decisions. Since federal district courts are courts of original jurisdiction, they lack the power to hear challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. *Young v. Murphy,* 90 F.3d 1225, 1230 (7th Cir.1996) quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 486. As a result, Plaintiff's only course of action is to appeal the Illinois state court decisions in the state court system up to the United States Supreme Court. See *Young v. Murphy,* 90 F.3d at 1230 (under 28 U.S.C. § 1257, only the Supreme Court has appellate jurisdiction over the decisions of state courts, *Garry v. Geils,* 82 F.3d at 1365, so "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court.") As a result, this Court lacks subject matter jurisdiction and Plaintiff's claims must be dismissed.

## II.  LSS IS IMMUNE FROM CIVIL LIABILITY.

Section 11 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (Act), 740 ILCS 110/1 *et seq.*, provides immunity to agencies, such as LSS, in connection with certain good-faith disclosures. 740 ILCS 110/11. Section 11 of the Act further provides a presumption that social workers act in good faith in making such disclosures. 740 ILCS 110/11. Specifically, relevant in this case would be an exception, which reads in part as follows:

"Records and communications may be disclosed:

\* \* \*

(ii) when, and to the extent, a therapist, in his or her sole discretion, determines that disclosure is necessary to ... protect the recipient or other person against a clear, imminent risk of serious physical or mental injury or disease or death being inflicted upon the recipient or by the recipient on himself or another[.]" 740 ILCS 110/11.

As stated, under section 11, the good faith of a therapist who discloses information "shall be presumed." 740 ILCS 110/11. Thus, as a matter of law, a disclosure of confidential communication by agencies such as LSS is presumed to have been made in good faith.

In this case, to the extent that the Plaintiff is alleging that LSS made certain disclosures that constitute its "blocking" Katisha's return to him, LSS is immune from civil liability for such actions, which are presumed to have been made in good faith. Plaintiff has failed to allege in any form this Court can consider a lack of good faith on the part of LSS. Thus, the legal presumption that any alleged disclosures were made in good faith affords LSS absolute immunity from civil liability. As such, Plaintiff's complaint should be dismissed.

### III. KATISHA HAS BEEN RETURNED TO PLAINTIFF.

Plaintiff admits in his response to co-defendant's motion to dismiss that, on or about December 10, 2007, Katisha was placed back with Plaintiff. (Ex. 2, p. 1.) Plaintiff also admits that he is not seeking injunctive relief. *Id.* Nevertheless, Plaintiff fails to assert any basis for an award of monetary damages because he fails to plead any damages he has actually suffered. As a result, Plaintiff's complaint should be dismissed.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Lutheran Social Services respectfully requests that this honorable Court grant their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

Respectfully submitted,
PRETZEL & STOUFFER, CHARTERED


By:     /s/ Cynthia H. Alkhouja

Richard M. Waris ARDC# 03128520
Cynthia H. Alkhouja ARDC# 6277035
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, IL  60606-4673
(312) 578-7735
**calkhouja@pretzel-stouffer.com**

*N:\wpdata\RWaris\63613-Lutheran Social Services\Pleadings\MTD.wpd*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

F I L E D

DEC 1 9 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

RONNIE MANNS
    Plaintiff

vs

Case No: 07 C 50 2 4 4

*Kapala*

ILLINOIS DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES

LUTHERAN SOCIAL SERVICES
    Defendants

COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code
(state, county, or municipal defendants)



DEFENDANT'S
EXHIBIT

I.      **Plaintiff(s):**
    A.   Name:  Ronnie Manns
    B.   Title:  Chief of Operations
    C.   Company Name:  HH&G Inc
    D.   Address: 1210 28th Street, Rockford, IL 61108

II.     **Defendants(s):**
    A.   Name:  IL Dept of Children and Family Services
       Address:  200 South Wyman Street, Rockford, IL 61101

    B.   Name:  Lutheran Social Services
       Address:  321 West State Street, Rockford, IL 61101

III.    There has been **no** other lawsuit filed by this plaintiff in any state or federal court in the United States.

IV.     **Statement of Claim:**
March 3, 1997, Jermarque Taylor, Deondre Moton, Katisha Moton and Shanequa Kent was placed under my guardianship by IL DCFS. March 1, 2005, IL DCFS discontinued guardianship payments for Katisha Moton when informed that she had ran away from my home and possibly living with her mother. March 29, 2007, received notification of Suspected Child Abuse and/or Neglect. March 29, 2007, IL DCFS and State's Attorney Office filed petition to reinstate wardship of Katisha. April 9, 2007, petition of wardship granted minor to reside with plaintiff's mother. May 1, 2007, IL DCFS determined that plaintiff had
Abused or neglected Katisha. May 10, 2007, IL DCFS' determination of abuse or neglect was appealed. July 17, 2007, Order issued by Administrative Judge to dismiss the case citing the Department voluntarily unfounded the report. August 3, 2007, plaintiff wrote IL DCFS about decision to allow Katisha back under his rules and roof. Plaintiff requested that IL DCFS completes whatever task they need to in order to return child back home to prepare for the upcoming school year. September 7, 2007, Lutheran Social Services held a case Review and did not consider the expungment /unfounded report citing "Failed Guardianship" as the reason for opening. September 18, 2007, IL DCFS held a "CAYIT" failing to consider the expungement/unfounded report and documented Katisha's current placement at Sleezer Home for the past five (5) weeks. October 1, 2007, Continuance Order revised removing the instructions that minor to reside with plaintiff's mother. Katisha was returned home.

On or about November 18, 2007, plaintiff lost his home through eviction and placed minors with his family until new residence could be secured. December 1, 2007, new residence was established but Lutheran Social Services still blocking Katisha's return home.

**V.**    **Relief:**

I am requesting the immediate return of Katisha Moton to the only real home that she has ever known as well as damages in the amount of Two Million U.S. Dollars ($2,000,000.00).

**VI.**    The plaintiff **does** demand that the case be tried jury.

**CERTIFICATION**

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 19th day of December 2007

**Ron Manns**

**Pro Se**

**1210 28th Street**
**Rockford, IL 61108**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO
JUVENILE DIVISION

IN THE INTEREST OF

Katisha Moton )
Jarmarqus Taylor )
A MINOR(S). Deonte Moton )

NO. 96 JA 285-287

ORDER OF ADJUDICATION

This Cause coming on to be heard upon the petition filed 8-22-96
and the Court having heard all the evidence, FINDS:

(X) That the minor is a(n):

( ) DELINQUENT MINOR as per Section 805-3 of the Juvenile Court Act, in that he/she
committed the offense(s) of _____
_____

(X) NEGLECTED/ABUSED MINOR as per Section 802-3 of the Juvenile Court Act as to _____
count _____.

( ) DEPENDENT MINOR as per Section 802-4 of the Juvenile Court Act.

( ) TRUANT MINOR as per Section 803-33 of the Juvenile Court Act.

( ) MINOR REQUIRING AUTHORITATIVE INTERVENTION as per Section 803-3, Juvenile Court Act.

( ) ADDICTED MINOR as per Section 804-3 of the Juvenile Court Act.

( ) That said Abuse, Neglect, or Dependency is the result of physical abuse to the minor
inflicted by _____.

( ) That the minor is in violation of the conditions of his/her ( ) Probation ( ) Court
Supervision ( ) Conditional Discharge as per Section 805 of Juvenile Court Act as
stated in the Petition filed _____, 19____,
on the basis of _____
_____

IT IS HEREBY ORDERED:

( ) That pending a Dispositional Hearing, prior orders are to continue.

( ) Other _____
_____

(X) The Dispositional Hearing is set for Instanter
at _____ in room _____, Winnebago County Courthouse. , 19____

ENTERED: 1-22-97 _____     JUDGE: _____

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**
**JUVENILE DIVISION**

IN THE INTEREST OF

Shanequa Kent                    )          NO. 96 J A 288
_____    )
A MINOR(S).                      )          ORDER OF ADJUDICATION
                                 )

    This Cause coming on to be heard upon the petition filed _5-22-96_
and the Court having heard all the evidence, FINDS:

(X) That the minor is a(n):

   ( ) DELINQUENT MINOR as per Section 805-3 of the Juvenile Court Act, in that he/she
      committed the offense(s) of _____
      _____
      _____

   (X) NEGLECTED/ABUSED MINOR as per Section 802-3 of the Juvenile Court Act as to _____
      _count_ _I_ _____.

   ( ) DEPENDENT MINOR as per Section 802-4 of the Juvenile Court Act.

   ( ) TRUANT MINOR as per Section 803-33 of the Juvenile Court Act.

   ( ) MINOR REQUIRING AUTHORITATIVE INTERVENTION as per Section 803-3, Juvenile Court Act.

   ( ) ADDICTED MINOR as per Section 804-3 of the Juvenile Court Act.

   ( ) That said Abuse, Neglect, or Dependency is the result of physical abuse to the minor
      inflicted by _____

   ( ) That the minor is in violation of the conditions of his/her ( ) Probation ( ) Court
      Supervision ( ) Conditional Discharge as per Section 805 of Juvenile Court Act as
      stated in the Petition filed _____, 19_____,
      on the basis of _____
      _____
      _____

IT IS HEREBY ORDERED:

(X) That pending a Dispositional Hearing, prior orders are to continue.

( ) Other _____
_____

(X) The Dispositional Hearing is set for _3-3_____, 19 _97_
   at _9:00 am_ in room _243_____, Winnebago County Courthouse.

ENTERED: _1-22-97_____          JUDGE: _____

# DANIEL W. HYNES
## COMPTROLLER – STATE OF ILLINOIS

HANNS RONNIE
1524 ROBEY AVE
ROCKFORD IL 61103-2134

Vendor Number *********** B

| | |
|---|---|
| Agency # | **CHILDREN AND FAMILY SERVICES** |
| Warrant Number | AF3309026 |
| Warrant Amount | $1,299.70 |
| Warrant Date | 03-14-2005 |
| Voucher Number | PV4185SJX17849 |

Payment Description: THIS PAYMENT IS FOR CARE AND MAINTENANCE FOR CHILDREN
IN YOUR CARE FOR DCFS PROGRAMS PURSUANT TO STATUTE.
SUPPORTING DETAIL FOR THIS CHECK CAN BE FOUND ON YOUR
STATEMENT THAT IS MAILED UNDER SEPARATE COVER BY DCFS.
THE MATCHING NUMBER IS SJX17849 FOUND ON YOUR STATEMENT.

| Invoice Number | Inv. Date | Customer ID | Billing Account Number | Net Amount |
|---|---|---|---|---|
| | | | | 1299.70 |

Payment of interest may be available if the State fails to comply with the Illinois Prompt Payment Act. (30 ILCS 540/1)
For questions, contact:    CHILDREN AND FAMILY SERVICES 800-525-0499

FBP3070-A                STATE OF ILLINOIS                        PAGE:    1
MONTH ENDING        DEPARTMENT OF CHILDREN AND FAMILY SERVICES      1-800-525-049
                            SPRINGFIELD, ILLINOIS
 04-11-05                   STATEMENT OF PAYMENTS


MANNS RONNIE                                    PROVIDER #= 34583
3524 ROBEY AVE                                  VOUCHER NUMBER
ROCKFORD            IL   61103-2134             SKX17861

                                               CENTRAL OFFICE CODE
                                               0005-00   05-04-1

| CHILDS NAME | | CHILD ID | TYPE SERV | REGN FLD | SERVICE FOR | | TOTAL PAID |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | MO/YR | # DAYS | |
| ENT | SHANEQUA | 04649108 | 0193 | 1A 28 | 03-05 | 31 | 410.00 |
| TON | DEONDRA | 04649103 | 0193 | 1A 28 | 03-05 | 31 | 444.85 |
| TOTAL AMOUNT | | | | | | | 854.85 |

CFS 901-1 (12-



AF3709963

# DANIEL W. HYNES
## COMPTROLLER – STATE OF ILLINOIS

MANNS RONNIE

3524 ROBEY AVE
ROCKFORD IL 61103-2134

Vendor Number ********** B

Agency #                    CHILDREN AND FAMILY SERVICES
Warrant Number    AF3709963
Warrant Amount    $854.85
Warrant Date        04-14-2005
Voucher Number    PV4185SKX17861

Payment Description: THIS PAYMENT IS FOR CARE AND MAINTENANCE FOR CHILDREN
IN YOUR CARE FOR DCFS PROGRAMS PURSUANT TO STATUTE.
SUPPORTING DETAIL FOR THIS CHECK CAN BE FOUND ON YOUR
STATEMENT THAT IS MAILED UNDER SEPARATE COVER BY DCFS.
THE MATCHING NUMBER IS SKX17861 FOUND ON YOUR STATEMENT.

| Invoice Number | Inv. Date | Customer ID | Billing Account Number | Net Amount |
|---|---|---|---|---|
| | | | | 854.85 |

Payment of interest may be available if the State fails to comply with the Illinois Prompt Payment Act. (30 ILCS 540/1)
For questions, contact    CHILDREN AND FAMILY SERVICES 800-525-0499

Notification of a Report of Suspected Child Abuse and/or Neglect



Rod R. Blagojevich
Governor

Erwin McEwen
Acting Director

## Illinois Department of Children and Family Services

## NOTIFICATION OF A SUSPECTED CHILD ABUSE AND/OR NEGLECT DOCUMENT

**Name:** Manns, Ronnie
**Address:** 4423 E. Ridge Drive
Rockford, IL 61107

**Date:** 03/29/2007
**SCR No:** 1750021-A

The Department of Children and Family Services has received a report of suspected abuse and/or neglect of the following children:
MOTON, KATISHA

The reported abuse or neglect is alleged to have occurred at:

The reported abuse or neglect is alleged to have involved the following acts/omissions (allegations):
60-Substantial Risk of Physical Injury/Environment Injurious to Health and Welfare by Neglect

**The purpose of the Department's investigation is to keep children safe. In most cases where child abuse or neglect are found, the Department will try to help families to improve their ability to protect children. This often involves obtaining social and other services for the family. In addition to obtaining services, the Department has the authority to take protective custody of children, if necessary to keep children safe, and may also involve the police and Juvenile Court.**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO
JUVENILE DIVISION

| | | |
|---|---|---|
| IN THE INTEREST OF | ) | |
| | ) | NO. 96 JA 285 |
| KATISHA MOTON | ) | |
| | ) | |

### PETITION TO REINSTATE WARDSHIP

NOW COMES the People of the State of Illinois by their attorney's Paul A. Logli State's Attorney, Winnebago County, Illinois and Pamela S. Wells, Assistant State's Attorney, and motion this court pursuant to 705 ILCS 5/405-2-33, to reinstate the above named minor's wardship. In support thereof, the People states as follows:

1. Katisha Moton is under the age of 18 years of age.

2. Wardship and guardianship under the Juvenile Court Act of 1987 was vacated in conjunction with the appointment of a private guardian under the Probate Act of 1975 in the case number 98 P 260.

3. The minor is not presently a ward of the court under Article II of this Act nor is there a petition for adjudication of wardship pending on behalf of the minor.

4. It is in the minor's best interest that wardship be reinstated.

Wherefore, people respectfully request this court to reinstate minor's wardship

THE PEOPLE OF THE STATE OF ILLINOIS

_____
Assistant State's Attorney

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )   SS |
| COUNTY OF WINNEBAGO | ) |

Pamela S. Wells, Assistant State's Attorney, being first duly sworn, upon oath deposes and says that she has read the above and foregoing petition by her subscribed, knows the contents thereof, and that the matters and things therein contained are true to the best of her knowledge, information, and belief.

_____
Assistant State's Attorney

Subscribed and sworn to before me
this 29th day of March 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
CORRIN M GRADO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/04/07

**State of Illinois**
**In the Circuit Court of the 17th Judicial Circuit**
**County of Winnebago/Juvenile Division**

IN THE INTEREST OF

*Moton*

A MINOR.

)
)
)
)

No. _96 JA 295_

### CONTINUANCE ORDER

WHEREAS, the Court finds that it is in the best interest of the minor to continue this cause;

WHEREAS, IT IS HEREBY ORDERED that this cause is continued for:

❑ Arraignment                      ❑ Adjudication of Petition_____
❑ Pre-Trial Conference             ❑ Review
❑ Disposition                      ☑ Permanency Review
❑ Status                           ❑ Other_____

NEXT COURT DATE _October 9 2007_    TIME: _1000 AM_
_____    TIME: _____
_____    TIME: _____

❑ Parties agree to waive the 90-day hearing requirement and the court finds that said waiver is in the minors best interest.
❑ Visitation between minor(s) and Mother/Father_____
         ❑ Shall be supervised by DCFS or its contracting agencies or_____
         ❑ At the discretion of DCFS or its contracting agencies.
❑ _____shall have no contact with the minor(s) or the minor(s) residence.
❑ _____shall execute a release of information from any treating agency or organization to DCFS or its contracting agency for the purpose of obtaining information to ensure compliance with this order.
❑ _____, having been duly served with notice of these court proceedings and having failed to appear, it is hereby found to be in default.
❑ CASA is appointed as guardian-ad-litem of the minor(s). _____ is appointed attorney for CASA.
☑ Other: _States motion to reinstate wardship is heard and granted_
_Minor to reside w/ Dolly Mans._
_____
_____
_____
_____
_____
_____

☑ All previous Orders that are not in conflict with these orders remain in effect.
Placed on Trial Call of Judge _Engelsma_

ENTERED _4-9-07_                    _____ JUDGE

(SA:17)

State of Illinois
In the Circuit Court of the 17th Judicial Circuit
County of Winnebago/Juvenile Division

IN THE INTEREST OF: )
)
*Katisha Motan* )    No. ___96JA285___
)
A MINOR. )

## TEMPORARY CUSTODY ORDER

THIS CAUSE being heard upon the Petition filed herein and the Court, having considered the contents thereof, and being fully advised in the premises, FINDS:

1. ( ) Probable cause to believe that the minor is a person subject to the Juvenile Court Act as _____.
2. (X) That the respondent(s) knowingly and intelligently waives his/her/their right to a hearing on whether there is probable cause to believe that said minor is a person subject to the Juvenile Court Act as __*neglect per waiver and past findings in 96JA285 case*__
3. ( ) That the respondent(s) knowingly and intelligently waives his/her/their right to a Temporary Custody Order.
4. (X) The Department of Children and Family Services has made reasonable efforts to prevent or eliminate the need to remove the minor from his/her home or has shown good cause why such reasonable efforts cannot be made.
5. (X) That it is a matter of urgent and immediate necessity that said minor be placed in ( ) detention (X) shelter care pending further proceedings herein for the reason(s): (X)Protection of the minor; ( )Protection of the person or property of another; ( )The minor is likely to flee the jurisdiction;

IT IS THEREFORE ORDERED:

1. ( ) That the minor be forthwith held at the Winnebago County Juvenile Detention Facility, pending further proceedings herein.
   1a. ( ) Minor shall be held in non-secure custody.
   1b. ( ) That the Winnebago County Juvenile Probation Department has the discretion to release said minor to ( ) mother ( ) father ( ) _____ for pre-placement visits
   1c. ( ) The minor is ordered to home confinement subject to the condition of the Home Confinement Contract.
2. ( ) The Director of the Court Services or his designee may authorize a physician, hospital, or any other appropriate health care provider to provide medical, dental, or surgical procedures or such procedures as are necessary to safeguard the minor's life or health.
3. (X) That the minor be placed in the temporary guardianship and custody of D. Jean Ortega-Piron, or her successor as Guardianship Administrator, Department of Children and Family Services, who is hereby appointed temporary Legal Custodian of the minor until further order of this Court, and who shall have the power to consent to any major medical or surgical treatment required and recommended by a licensed physician, pending further Court orders in this cause. *With discretion to place with a responsible relative or in traditional foster care. Visitation to be at the*
4. (X) Other *discretion of the Department. Investigation to make reasonable efforts to locate parents. Katisha Motan to be at the next court or talk to her lawyer*
5. (X) This cause set for ~~Continued~~ ~~Shelter care~~ on *April 9, 2007  11 am*

ENTERED: ___*3/29/07*___    _____
JUDGE



**Rod R. Blagojevich**
**Governor**

**Erwin McEwen**
**Acting Director**    **Illinois Department of Children & Family Services**

INVESTIGATION OF SUSPECTED CHILD ABUSE OR NEGLECT--INDICATED PERPETRATOR
MAY 01, 2007

RONNIE MANNS
4423 EASTRIDGE DR
ROCKFORD, IL 61107-4919

Dear Mr. MANNS,

RE: SCR# - 1750021-A
Name - Manns, Ronnie

You were previously notified by a Child Protection Investigator that the Department of Children and Family Services (DCFS) was investigating a report of child abuse or neglect. After a thorough investigation, DCFS has determined that you have abused or neglected a child.

The Department has indicated you for
• Substantial Risk of Physical Injury/Environment Injurious to Health and Welfare by Neglect

An indicated finding means that DCFS' investigation found credible evidence of child abuse/neglect. Credible evidence means that the facts gathered during the investigation would lead a reasonable person to believe that a child was abused or neglected.

Indicated reports of child abuse/neglect are retained on file in the State Central Register. An indicated report of Substantial Risk of Physical Injury/Environment Injurious to Health and Welfare by Neglect is retained on the State Central register for Five (5) years. In general, access to the State Central Register is confidential and governed by state law. Under certain circumstances, the State Central Register may disclose the information on file about you. For example, certain occupations require background checks with the State Central Register.

You may request a copy of the investigation file by writing to the State Central Register at the following address:

State Central Register
406 E. Monroe St., station 30
Springfield, Illinois 62701-1498

**406 E Monroe, Station 30 • Springfield, Illinois 62701-1498**

*0001-4

ACCREDITED • COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES                    1



# DCFS

Rod R. Blagojevich
Governor

Erwin McEwen
Acting Director

## Illinois Department of Children & Family Services

The investigation file will not include the names of any persons who made the initial call to the DCFS Child Abuse Hotline or cooperated in the investigation.

You have the right to appeal the decision to indicate you. Your request for an appeal must be in writing. You must send your request within sixty (60) days of the date of this letter. Send your request to:

> Administrative Hearings Unit
> Expungment Appeals
> 406 E. Monroe St., Station #15
> Springfield, Illinois 62701-1498

Please include the following information in your request for the investigative file and your request for an appeal.

- Your full name and address
- A telephone number where you can be reached
- The full name(s) of the child(ren) in the indicated finding (if known)
- The SCR case number listed above

Sincerely,

*Linda Everette-Williams*

Linda Everette-Williams, Administrator
State Central Register

**406 E Monroe, Station 30 • Springfield, Illinois 62701-1498**

 ACCREDITED • COUNCIL ON ACCREDITATION FOR CHILDREN AND FAMILY SERVICES

86001 v4

2

*May 1, 2005*

*Dec 05*

*3-19-05*
*3-22-07*

## RON MANNS
### 4400 EASTRIDGE DRIVE #9
### ROCKFORD, ILLINOIS 61107
### 815-703-9014

*2*

*18 - mm 54 ,*

*12/26*

*11,544*

MAY 10, 2007
SCR #1750021-A
KATISHA MOTON

*24th July 9:30 AM*

**ADMINISTRATIVE HEARINGS UNIT**
**EXPUNGEMENT APPEALS**
**406 E. MONROE STREET, STATION #15**
**SPRINGFIELD, IL 62701-1498**

Dear Ms. Linda Everette-Williams,

I am in receipt of your letter dated May 1, 2007 in which you speak of an indictment of "Substantial Risk of Physical Injury/Environment Injuries to Health and Welfare by Neglect". To say that I disagree with your "through" investigation is an understatement. The reasons for my disagreement is as follows but are not limited by that which follows;

**IT IS MY BELIEF,** based on experience as a Military Policeman in the United States Marines from Sept 1980 till April 1991;

A "through" investigation would have revealed a letter of concern to your organization which should have spurred someone from IL DCFS into action.

A "through" investigation would have revealed a Runaway Report filed in 2002/2003 by myself to the Rockford Police Department in regards to Kathisa.

A "through" investigation would have revealed that reasonable action from IL DCFS would have to been collection of Kathisa after receiving the letter and learning of the runaway report.

A "through" investigation would have revealed the only action taken by IL DCFS was revocation of funds in 2002/2003 for Katisha's care and welfare.

A "through" investigation would have revealed failure to further assist the <u>novice</u> foster parent in properly protecting themselves by making avenues to the judicial system accessible.

A "through" investigation would have revealed that for as long as these children have been in my care no history of such a charge of this caliber.

**THEREFORE I SURMISE THAT** this is a cover to hide the inaction of IL DCFS. I surmise that it's to hide that the revocation of the funds for Kathisa's care and welfare was supposed to be in conjunction with accessibility to judicial foster parent protection which did not occur.

**IT MUST BE MENTIONED THAT** if I had been informed as to what will happen in order to properly place Kathisa where she could flourish and be successful prior to receiving this letter, I would have gladly taken the charge because she deserves nothing less. Needless to say that I am apprehensive about this charge now for fear that it may effect my purchase of an existing transportation brokerage business and my 20 month old daughter.

Respectfully,

Ron Manns

STATE OF ILLINOIS
DEPARTMENT OF CHILDREN AND FAMILY SERVICES
ADMINISTRATIVE HEARINGS UNIT

IN THE MATTER OF:                          )
                                           )
Ron Manns,                                 )      SCR#  1750021-A
                                           )      DKT# 2007-E-00787      AHU# 52-8639
               Appellant                   )
                                           )

# ORDER

**THIS CAUSE COMING ON TO BE HEARD** by the Administrative Law Judge, pursuant to Rule 336, it is hereby ordered that the case is dismissed for the following reason:

      X    The Department has voluntarily unfounded the report.

When your case is unfounded, your name will be removed from the State Central Register.  You will no longer be listed as a person who abused or neglected a child. This decision only applies to this indicated finding (sequence or incident). This decision does not apply to any other prior indicated findings of abuse or neglect.

This is the final administrative decision. If you are not satisfied you may seek judicial review in the circuit court under the Administrative Review Law, 735 ILCS 5/3-101 et seq. (West 2002), by filing a complaint for administrative review with *the circuit court within 35 days of the date this order was served on you.*

Date: July 26, 2007

_____
Administrative Law Judge

A copy of this **ORDER** has been served, by **CERTIFIED MAIL**, upon:

Ron Manns
4400 Eastridge Drive, #9
Rockford, IL 61107

A copy of this **ORDER** has also been served, by U.S. MAIL, personal delivery or Inter-agency mail, upon:

Donald Jonker, Department Representative
Joe Becerra, DCP Manager
Intake Unit
Linda Everette-Williams, State Central Register
Chron/File

RON MANNS
4400 EASTRIDGE DRIVE #9
ROCKFORD, ILLINOIS 61107
815-703-9014

August 03, 2007

DEPARTMENT OF CHILDREN & FAMILY SERVICES
200 SOUTH WYMAN STREET SUITE #201
ROCKFORD, IL 61101

Dear DCFS,

On this date, I was visited by Kathisa Moton inquiring about reuniting with
her siblings and moving back in. After laying down my terms and
conditions for the return, she agreed and it was decided that I would allow
her to come back and start again with a clean slate. She is very much aware
of the rules and regulations of my household and says she is willing to abide
by them.

It is requested, that any actions that your organization needs to take based
on this news be done as quickly as possible so that I can get her set before
the school year starts. Please be advised of the new home address which is
stated above.

Thank you and God bless,

Ron Manns

## ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES
## FAMILY SERVICE PLAN

**Case Name:** Manns, Ronnie          **Case ID#:** 868068          **Date Plan Initiated:** 09/07/2007

**Service Plan Narrative**

### 1. Problem(s) that brought this case to the attention of the Department:

Case opening reason: Failed Guardianship

This case was brought to the attention of DCFS when a hotline call was placed stating that Katisha Moton was living with her biological mother, Blanch Manns, who had previously lost guardianship of her when Katisha was eight years old. Guardianship had been granted to maternal uncle, Ronnie Manns, but it was reported that Mr. Manns brought Katisha to live with her mother and brother two years ago when Katisha began fighting in school and repeatedly running away. Katisha had been living with her mother for about two years at the time of hotline call.

PREVIOUS INVOLVEMENT- Katisha was removed from the home of her mother when she was eight years old due to the fact that her mother was using drugs. At that time, Katisha was placed with her maternal uncle, Ronnie Manns, who was her guardian for approximately 6 years.

### 2. Summarize significant developments/events in the case since the last case plan:

Katisha was residing with her maternal grandmother, Dolly Manns before she went on run on June 20th, 2007. This worker called Dolly Manns weekly to see if she had heard from Katisha. Katisha was located by the police on August 13th, 2007 and has been placed at Sleezer Youth Home in a shelter bed. Ronnie Manns has expressed interest in Katisha coming back to live with him and possibly adopting her. Blanch Manns has only recently made contact with LSSI, stating she will do what ever is necessary to get Katisha back. Due to a recent flooding of her home, Dolly stated Katisha could not stay with her.

### 3. Indicated allegations since the last service plan.

None

### 4. Information regarding the family's primary language or mode of communication.

a. Bilingual worker - Not needed

   Translator - Not needed

   Special equipment - Not needed

   Additional information -   None

b. Bilingual Foster Home is not needed.

c. Recommended services are available in the preferred language or mode of communication.

   Additional information -   none

### 5. Legal Screening

This case has not been referred for a legal screening.

This case will not be referred for legal screening within the next six months.

### 6. Current Goal: MOTON, KATISHA

**Permanency goal being evaluated:** Return Home Within 12 Months

**Evaluation of permanency goal based on last service plan:** Satisfactory Progress/Maintain Goal

**Is this goal set by the court?** No

State of Illinois
Department of Children and Family Services

# Child and Youth Investment Team Action Plan based on Child and Adolescent Needs and Strengths (CANS) – Comprehensive Multisystem Assessment - Short Form

### Personal Information

**Child's Name:** Katisha Moton   **DOB:** 02/25/1991   **Child's ID:** 04649104

**Region/Site/Field:** 1A/__/UI   **Date Of CAYIT:** 09/18/2007   **Location/Site of CAYIT:** Rockford

**Agency Name:** LSSI   **Worker:** Jennifer Saporita   **Worker Phone:** (815) 969-8836 ext _____

**Supervisor:** Jeri Lundquist   **Supervisor Phone:** (815) 969-8836 ext _____

**Youth's Current Placement:** Sleezer (past 5 weeks)

### Summary of Strengths

Uncle reports that Katisha is smart. She is able to explain things to other kids. She learns new concepts easily. Katisha follows thru with jobs after being asked one time. Katisha is compassionate and protective of her siblings. She is a caretaker to others. Katisha can cook (cornbread, chicken, spaghetti, etc) and clean. Katisha has a few friends who positively impact her life. Uncle reports that Katisha wants to go to college. She assisted her mother with the last birth of her youngest sibling and may be interested in doing something in this area. Katisha also has an interest in being a veterinarian and/or work with animals. Katisha likes to "do hair". She sings well. Katisha likes to crochet. Katisha enjoys outdoor activities. He is proud of Katisha and her ability to overcome adversity.

Caseworker reports that Katisha is honest. She is able to trust others. She is focused and driven to succeed and wants to finish high school. Katisha is a good listener. Katisha accepts direction well. She is intuitive, respectful, and polite.

Katisha reports that she likes to cook beans, chicken, and breakfast foods. She is interested in being a veterinarian. She likes R&B music, especially Destiny's Child and Aaliyah. Katisha thinks she is smart. She reports her cousin is her best friend.

Supervisor reports that she has a family who cares about her. Katisha is sensitive. Katisha has been opening up more about what concerns her.

### Summary of Needs

Life Skills assessment, Education, Family Connection, Individual Counseling.

### Primary Level of Care Recommendation HMR:

**Provider:** _____

**Provider:** _____

**Provider:** _____

**Provider:** _____

The Information Contained in This Document Is Confidential
CAYIT – ACTION PLAN FOR CANS - Page 1 of 9

Rev 01/2007

Case 3:07-cv-50244    Document 1    Filed 12/19/2007    Page 21 of 22

**State of Illinois**
**In the Circuit Court of the 17ᵗʰ Judicial Circuit**
**County of Winnebago/Juvenile Division**

IN THE INTEREST OF                    )
*Katisha Moton*                        )          No. ~~96 JA 235~~    *96 JA 235*
A MINOR.                               )
                                       )

## CONTINUANCE ORDER

WHEREAS, the Court finds that it is in the best interest of the minor to continue this cause;

WHEREAS, IT IS HEREBY ORDERED that this cause is continued for:

☐ Arraignment                    ☐ Adjudication of Petition_____
☐ Pre-Trial Conference           ☐ Review
☐ Disposition                    ☐ Permanency Review
☐ Status                         ☐ Other_____

| NEXT COURT DATE | _____ | TIME: _____ |
| | _____ | TIME: _____ |
| | _____ | TIME: _____ |

☐ Parties agree to waive the 90-day hearing requirement and the court finds that said waiver is in the minors best interest.

☐ Visitation between minor(s) and Mother/Father_____
    ☐ Shall be supervised by DCFS or its contracting agencies or_____
    ☐ At the discretion of DCFS or its contracting agencies.

☐ _____ shall have no contact with the minor(s) or the minor(s) residence.

☐ _____ shall execute a release of information from any treating agency or organization to DCFS or its contracting agency for the purpose of obtaining information to ensure compliance with this order.

☐ _____, having been duly served with notice of these court proceedings and having failed to appear, it is hereby found to be in default.

☐ CASA is appointed as guardian-ad-litem of the minor(s). _____ is appointed attorney for CASA.

☒ Other: *Discretion to place minor with responsible relative or traditional foster care.*

_____
_____
_____
_____
_____
_____
_____
_____

☒ All previous Orders that are not in conflict with these orders remain in effect.

Placed on Trial Call of Judge *Heaslip*

ENTERED *Oct. 1, 2007*

*Nunc pro tunc* ~~_____~~, *2007*
~~____ ____~~

JUDGE

9-7    (SA:17)

ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES    Filed 12/19/...    Page 22 of 22

# PLACEMENT / PAYMENT
# AUTHORIZATION FORM

PRIVATE AGENCY
INSTITUTION
GROUP HOME

NO. **880743**

| CHILD NAME (LAST) | (FIRST) | (M) | ID# | RG | ST | FD |
|---|---|---|---|---|---|---|
| Moton | Katisha | | 046491061 | $1A | | UI |

| TYPE OF TRANSACTION | ☐ 1. INITIATE PLACEMENT | ☐ 3. FINAL LIVING ARRANGEMENT | ☐ 5. CHANGE AMOUNT |
|---|---|---|---|
| | ☒ 2. CHANGE PLACEMENT* | ☐ 4. PRIOR PLACEMENT | ☐ 6. CORRECTION |

*Notice of Change of Placement (CFS 151-B) must be sent to the Guardian ad Litem.  Date Notice sent: 10-1-07

## PLACEMENT DATA

| TYPE | REASON | DATE | TIME | ☐ AM ☐ PM | OUT OF STATE PLACEMENT |
|---|---|---|---|---|---|
| HMR | | 10-1-07 | 11 | | ☐ LICENSED IN THAT STATE? ☐ INTEND TO RETURN CHILD TO ILLINOIS? |

| PROVIDER ID | TYPE SERVICE | CONTRACT # | RATE SEQUENCE |
|---|---|---|---|
| 040 | 4127 | | |

| AMOUNT | AMOUNT DATE | ☐ CHECK IF PLACEMENT NOT TO BE PAID |
|---|---|---|

PROVIDER NAME: X Bonnie Manns

AGENCY NAME: LSSI

STREET ADDRESS: 4400 East Ridge Dr.

CITY: Rockford   STATE: IL   ZIP CODE: 61107

COUNTY: Winn   TELEPHONE #: 815-708-8172   SOCIAL SECURITY #: 4109-19-3784

### SIGNATURES

| PROVIDER | DATE |
|---|---|
| Bonnie Manns | 10-1-07 |

| CASE WORKER | DATE |
|---|---|
| Jinifer Saporito | 10-1-07 |

ID#: 515595   TELEPHONE#: 815-969-8836

SUPERVISOR'S INITIALS: JA   DATE: 10-1-07

ID#: 8718

### TERMINATION OF PLACEMENT

| PROVIDER ID # | REASON | DATE |
|---|---|---|
| | PROVIDER INITIALS | CASEWORKER |

## NARRATIVE:

Katisha is being placed Back
with her uncle Bonnie.

clearence - 10/6831

X Bonnie Manns

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

RONNIE MANNS
    Plaintiff

     vs                      Case No:  07 C 50244

ILLINOIS DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES
LUTHERAN SOCIAL SERVICES
    Defendants

NOW COMES the Plaintiff and submits the following in support of denial of State

Defendant's Motion to Dismiss:

### Introduction

Plaintiff  while seeking monetary damages does not seek any "mandatory

injunctive relief" ( Katisha M was returned to Plaintiff's home on or about

December 10, 2007) nor is Plaintiff attempting to litigate matters previously

considered by the state court.  State Defendant nor its agencies should not

be allowed to hide responsibility and accountability behind the Eleventh

Amendment  if its alleged violations are that of the Fourteenth Amendment.



DEFENDANT'S
EXHIBIT
2

**Argument**

"Fitzpatrick v. Bitzer, 427 U.S. 445 (1976) was a United States Supreme Court decision that determined that the U.S. congress has the power to abrogate the Eleventh Amendment sovereign immunity of the states, if it is done pursuant to its Fourteenth Amendment power to enforce upon the states the guarantees of the Fourteenth Amendment"

Since Plaintiff is not attempting to litigate matters previously considered by the state court, the doctrine of issues preclusion is not relevant.

The federal court does have jurisdiction over the subject matter.   The result of the Rooker v. Fidelity Trust Co.  (later known as the Rooker-Feldman doctrine) 263 U.S. 413 (1923) that district courts has original jurisdiction to hear cases arising under the constitution and laws of the United States, meaning that they can only hear claims that were initially brought in or removed to the district court.   This is not a refilling of a previously dismissed case and there has been no other lawsuit filed by this plaintiff in any state or federal court in the United States.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

RONNIE MANNS
     Plaintiff

      vs                 Case No:  07 C 50244

ILLINOIS DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES
LUTHERAN SOCIAL SERVICES
     Defendants


**PLAINTIFF'S REQUEST FOR DENIAL OF STATE DEFENDANT'S MOTION TO DISMISS**

     NOW COMES the Plaintiff, Ronnie Manns and moves that the State Defendant's Motion to Dismiss be denied.  In support of this motion Plaintiff states as follows:

     State defendant states that the Plaintiff's actions are completely barred by the Eleventh Amendment and must be dismissed.  Plaintiff contends that the Eleventh Amendment does not supersede any alleged violation of the Fourteenth Amendment.

     State Defendant states that "the essence of Plaintiff's complaint is his dissatisfaction with the conduct and outcome of state court proceedings and administrative process of the Department.  To the extent that plaintiff is attempting to litigate matters previously considered by the state court,

the doctrine of issues preclusion and the Rooker-Feldman doctrine bar Plaintiff's claims." is false.

WHEREFORE, for the foregoing reason, Plaintiff respectfully request that this Honorable Court grant it's motion to deny State Defendant's motion to dismiss.

Respectfully submitted

RONNIE MANNS
Pro Se

## Conclusion

WHEREFORE, for the foregoing reasons stated, Plaintiff respectfully requests that this Honorable Court deny State Defendant's motion to dismiss.

Respectfully submitted

Ronnie Manns
Pro Se
1210 28th Street
Rockford, IL 61108
815-708-8172
Fax # 815-642-1245

# CERTIFICATION OF SERVICE

I hereby certify that on February 18, 2008 I have sent by U.S. Mail, postage prepaid, the document to the following participants:

James C. Stevens, Jr.
Office of the Attorney General
100 W. Randolph Street Ste 11-200
Chicago, IL 60601

Cynthia Hannan Alkhouja
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive Ste 2500
Chicago, IL 60606