UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D

MAR 1 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RONNIE MANNS
      Plaintiff

vs                  Case No: 07 C 50244

ILLINOIS DEPARTMENT OF
CHILDREN AND FAMILY
SERVICES
LUTHERAN SOCIAL SERVICES
      Defendants

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR DENIAL OF DEFENDANT'S MOTION TO DISMISS

NOW COMES the Plaintiff, Ronnie Manns and moves that the Defendant's Motion to Dismiss be denied. In support of this motion Plaintiff states as follows:

### Statement of Facts

According to Defendant's Reply memorandum of Law in Support of its motion to dismiss Plaintiff's Complaint filed 03/12/08 page 8 of 9, Defendant writes;

"A federal court runs afoul of the *Rooker-Feldman* doctrine when it is called upon to consider a claim that although was not argued in the state court, was "inextricably intertwined" with the state court's judgment."

According to Defendant's Motion to Dismiss filed on 01/31/08 page 5 of 7, Defendant writes, The Court defined the meaning of "inextricably intertwined":

"It is apparent, as a first step, that federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to that extent that the state court wrongly decided the issues before it.  Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, any other than a prohibited appeal of the state court judgment."

According to defendant's Motion to dismiss filed on 01/31/08 page 6 of 7, Defendant writes "The Court elaborated on the relationship between a state court ruling and a plaintiff's federal challenge, explaining:

"If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court denial in a judicial proceeding of a particular plaintiff's application.... Then the district court is in essence being called upon to review the state-court decision."

Defendant's argument which starts on page 7 of 9 of the Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint filed 03/12/08 and ends on page 8 of 9, defendant writes;

"Issue preclusion applies in Illinois when the same controlling issue of fact material to the determination is at stake in two consecutive cases, and that issue was ajudicated against a party in the first suit.  *ID*. at 748-49".

Defendant's Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint filed 03/12/08, page 3 of 9, second paragraph defendant writes;

"However, Plaintiff now admits that Katisha M was returned to his home on or about December 10, 2007."

According to defendant's Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint filed 03/12/08, page 7 of 9, second paragraph defendant writes;

"Plaintiff fails to state anything in his responsive pleading that would dispel the assumption that he is attacking the state court and administrative proceedings."

## Argument

The state court's judgment to award temporary custody placing Katisha M in the guardianship of the DCFS (See page 12 of Plaintiff's Complaint, 96 JA 285, dated March 29, 2007 is not in issue here. The petition to reinstate wardship (See page 11 of Plaintiff's Complaint 96 JA 285 dated 4/9/2007 is not in issues here. The court order, *Nunc pro tunc*, granting DCFS the discretion to place Katisha M with a responsible relative or traditional foster care (See page 21 of Plaintiff's Complaint, 96 JA 285 dated 10/1/2007 is not in issue here. There are no state court orders or judicial proceedings that are in issue and therefore none which Plaintiff is seeking federal court to litigate or review.

There is nor has there ever been any denial by a state court in any judicial proceeding of Plaintiff's application.

There exist no controlling issues of fact material at stake in two consecutive cases nor was there ever any adjudication against Plaintiff in a first suit.

It must be corrected that Katisha M was returned to my home December 21, 2007, 2 days after the lawsuit was filed and worker inadvertly admitted that she was ordered to have Katisha M back in my home before 3 pm that day.

Whereas at the beginning of that same paragraph (*second paragraph page 3 of 9*) Defendant admits to reading that Plaintiff is not attempting to litigate matters previously considered by the state court.

Plaintiff's dissatisfaction has nothing to do with state court and administrative proceeding and everything to do with DCFS and Lutheran Social Services actions, inactions and violation of Katisha M and my basic civil rights.

It was reported that she had ran away and possibly living with her mother in March 2005 but there were no actions by DCFS until March 2007. It was reported that, after the voluntary unfounded and expunged "indicated neglect and abuse charge" an agreement between Katisha M and me was reached and request to expedite matters so that she would not miss any school days in August 2007, she was not returned until October 1, 2007.

Katisha M may be just another name on some papers for many but she is more than that to me.  Katisha M is my niece.  Katisha M is my blood.  Katisha M is my family and since March 1997 it has been my pleasure to assist in and watch her and her 3 other sibling grow.  All that was asked is the basic civil rights of receiving fair treatment and nothing that happened after the expungement was fair for either of us.  Katisha M did what many teenagers do "rebelled" and when she decided to stand up and take complete responsibility for her actions, we were punished by the actions and inactions of an agency charged with the care and welfare of Illinois Children and Families.

## Conclusion

WHEREFORE, for the foregoing reasons and for the reasons stated in the Plaintiff's Memorandum in Support of Denial of Defendants Motion to Dismiss, the Plaintiff respectfully requests that this Honorable Court grant his motion to deny Defendant's motion to dismiss.

Respectfully submitted

RONNIE MANNS
Pro Se
1210 28th Street
Rockford, IL 61108
815-399-8402
Fax # 815-642-1245

# CERTIFICATION OF SERVICE

I hereby certify that on March 17, 2008 I have sent by U.S. Mail, postage prepaid, the document to the following participants:

James C. Stevens, Jr.
Office of the Attorney General
100 W. Randolph Street Ste 11-200
Chicago, IL 60601

Cynthia Hannan Alkhouja
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive Ste 2500
Chicago, IL 60606