369.063613(232)  RMW/CHA/tgc

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| RONNIE MANNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 50244 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CHILDREN AND FAMILY SERVICES, | ) | |
| and LUTHERAN SOCIAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LUTHERAN SOCIAL SERVICES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Lutheran Social Services (hereinafter "LSS"), a nonprofit social services agency, by its attorneys, Richard M. Waris and Cynthia H. Alkhouja of Pretzel & Stouffer, Chartered, and for its reply in support of its motion to dismiss the Plaintiff's complaint, states as follows:

### INTRODUCTION

Plaintiff, Ronnie Manns ("Plaintiff"), brings the instant action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and monetary damages against LSS. Plaintiff's complaint must be dismissed because (1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, (2) LSS is immune from civil liability under the Illinois Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1 *et seq.*, and (3) Plaintiff admits that he is not seeking injunctive relief and fails to assert any basis for an award of monetary damages.

## ARGUMENT

### I. THE *ROOKER-FELDMAN* DOCTRINE AND ISSUE PRECLUSION BAR THIS ACTION.

Plaintiff contends that the issue in this case is not the State court's judgment to award temporary custody of Katisha M to DCFS (*See* page 12 of Plaintiff's Complaint, *In the Interest of Katisha M.,* 96 JA 285, Temporary Custody Order dated March 29, 2007), or the petition to reinstate wardship (*See* page 11 of Plaintiff's Complaint, *In the Interest of Katisha M.,* 96 JA 285, Continuance Order dated April 9, 2007), or the Winnebago County juvenile court's order granting DCFS the discretion to place Katisha M with a responsible relative (*See* page 21 of Plaintiff's Complaint, *In the Interest of Katisha M.,* 96 JA 285, Continuance Order dated October 1, 2007, *nunc pro tunc* 2007). Plaintiff claims that the issue is a violation of his civil rights. A reading of Plaintiff's Complaint belies his assertions. Plaintiff sues based upon the implications of those very orders, sought "the immediate return of Katisha" and asserted that Lutheran Social Services ("LSS") was "still blocking Katisha's return home." (Compl. at 3.)

There is no question that Plaintiff is attempting to re-litigate matters in the instant federal court action that have been previously considered and decided by an Illinois court. Documents attached to Plaintiff's complaint show that Illinois Juvenile Courts have been considering and deciding upon Katisha's placement. (*See* pages 4, 10, 11, 12, 17 of Plaintiff's complaint, showing that the 17th Judicial Circuit of Illinois and DCFS have been deciding on issues in *In re Moton*, a minor, Case No.: 96 JA 285.) As a result, this case is barred by the preclusion doctrine. *See Jensen v. Foley,* 295 F.3d 745, 748 (7th Cir. 2002) (Holding that a federal court is barred by the issue preclusion doctrine from considering the state court issue in a federal lawsuit.)

Additionally, Plaintiff's claims must be dismissed because this Court does not have subject

matter jurisdiction over Plaintiff's claims. The *Rooker-Feldman* doctrine – derived from two Supreme Court decisions – is based upon the recognition that lower federal courts do not have the power to exercise appellate review over state court decisions. *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir.2001) citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983). Under *Rooker-Feldman*, lower federal courts lack jurisdiction over claims seeking review of state court judgments or over claims that are "inextricably intertwined" with state court determinations. *4901 Corp. v. Cicero,* 220 F.3d 522, 526 (7th Cir.2000). Thus, a party who seeks to overturn a state court judgment must proceed through the state judicial system and can seek federal review only from the United States Supreme Court. *Id.*

**Further, a federal Plaintiff may not seek the reversal of a state court decision simply by casting his complaint in the form of a constitutional violation.** *See Garry v. Geils,* 82 F.3d 1362, 1369 (7th Cir.1996). Thus, constitutional claims that are "inextricably intertwined" with state court judgments negate federal district court jurisdiction because they would call for review of the state court's decision. *Garry,* 82 F.3d at 1368 (citing *Feldman,* 460 U.S. at 482, 103 S.Ct. 1303).

Here, the *Rooker-Feldman* doctrine applies to bar Plaintiff's claims. Plaintiff is asserting that adverse Illinois judicial proceedings in *In re Moton,* 96 JA 285, have caused his injuries Therefore, Plaintiff's claims require this Court to reconsider and become entangled in Illinois state court decisions. Since federal district courts are courts of original jurisdiction, they lack the power to hear challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional. *Young v. Murphy,* 90 F.3d 1225, 1230 (7th Cir.1996) quoting *District of Columbia Court of Appeals v. Feldman,* 460 U.S. at 486. As a result, Plaintiff's only course of action is to appeal the Illinois state court decisions in the

state court system then to the United States Supreme Court. See *Young v. Murphy,* 90 F.3d at 1230 (under 28 U.S.C. § 1257, only the Supreme Court has appellate jurisdiction over the decisions of state courts, *Garry v. Geils,* 82 F.3d at 1365, so "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court.") As a result, this Court lacks subject matter jurisdiction and Plaintiff's claims must be dismissed.

## II. LSS IS IMMUNE FROM CIVIL LIABILITY.

Plaintiff contends that he has not been able to find the grant of immunity to agencies such as LSS in Section 11 of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (Act), 740 ILCS 110/1 *et seq.* Nevertheless, this Section provides:

> **Any person, institution, or agency, under this Act, participating in good faith in the making of a report under the Abused and Neglected Child Reporting Act or in the disclosure of records and communications under this Section, <u>shall have immunity from any liability, civil, criminal or otherwise</u>, that might result by reason of such action. For the purpose of any proceeding, civil or criminal, arising out of a report or disclosure under this Section, the good faith of any person, institution, or agency so reporting or disclosing shall be presumed.**

740 ILCS 110/11. Thus, this section grants immunity to agencies, such as LSS, in connection with good-faith disclosures and further provides a presumption that social workers act in good faith in making such disclosures. 740 ILCS 110/11.

In this case, to the extent that the Plaintiff is alleging that LSS made certain disclosures that constitute its "blocking" Katisha's return to him, LSS is immune from civil liability for such actions, which are presumed to have been made in good faith. Plaintiff has failed to allege in any form this Court can consider a lack of good faith on the part of LSS. Accordingly, Plaintiff's complaint should

be dismissed.

### III. KATISHA HAS BEEN RETURNED TO PLAINTIFF.

Finally, Plaintiff admits that on or about December 10, 2007, Katisha was placed back with Plaintiff. Plaintiff also admits that he is not seeking injunctive relief. Plaintiff fails to assert any basis for an award of monetary damages because he fails to plead any damages he has actually suffered. As a result, Plaintiff's complaint should be dismissed.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Lutheran Social Services respectfully requests that this honorable Court grant their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

Respectfully submitted,
PRETZEL & STOUFFER, CHARTERED


By:   /s/ Cynthia H. Alkhouja

Richard M. Waris ARDC# 03128520
Cynthia H. Alkhouja ARDC# 6277035
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, IL 60606-4673
(312) 578-7735
calkhouja@pretzel-stouffer.com

*N:\wpdata\RWaris\63613-Lutheran Social Services\Pleadings\MTD - Reply.wpd*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this Reply in Support of Its Motion to Dismiss Plaintiff's Complaint was filed electronically this 21st day of April, 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and via hand delivery and/or mail (as indicated below). Parties may access this filing through the Court's electronic system.

| | |
|---|---|
| Ronnie Manns<br>1210 28th Street<br>Rockford, Illinois 61108<br>**(Via Standard U.S. Mail)**<br>**and Certified Mail)** | James C. Stevens, Jr.<br>Office of the Illinois Attorney General<br>100 West Randolph Street<br>Suite 11-20<br>Chicago, Illinois 60601<br>jim.stevens@illinois.gov |

/s/Cynthia H. Alkhouja
Attorney Name, IL Bar No. 6277035
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973 - Phone
(312) 346-8242 - Fax
Rwaris@pretzel-stouffer.com
*Attorney for Lutheran Social Services*