# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50244 | **DATE** | 8/4/2008 |
| **CASE TITLE** | Manns vs. Illinois Department of Children and Family Services, et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motions to dismiss [10] [20] are granted. This case is dismissed in its entirety. All other pending motions are denied as moot. This case is closed.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Ronnie Manns, has brought a suit against defendants, Illinois Department of Children and Family Services (DCFS) and Lutheran Social Services (LSS), pursuant to 42 U.S.C. § 1983. Currently before the court is a motion to dismiss by DCFS, pursuant to Federal Rule of Civil Procedure 12(b)(1), and a motion to dismiss by LSS, pursuant to Rule 12(b)(1) and 12(b)(6). For the reasons stated below, both motions are granted.

### I. BACKGROUND

The following facts are taken from the complaint and viewed in the light most favorable to plaintiff. In 1997, plaintiff was granted guardianship by DCFS over several of his minor relatives, including his niece, Katisha. On March 1, 2005, DCFS discontinued guardianship payments for Katisha after learning that she had run away from plaintiff's home and possibly was living with her mother. On March 29, 2007, plaintiff received notice from DCFS of suspected child abuse and/or neglect by him regarding Katisha.[1] On the same date, the Winnebago County State's Attorney filed a petition with the state court to reinstate wardship of Katisha, which was granted.[2] On May 1, 2007, plaintiff was notified by DCFS that he was indicated for child abuse or neglect. Plaintiff administratively appealed this decision. DCFS subsequently voluntarily unfounded the report of abuse or neglect and the case was dismissed.

On August 3, 2007, plaintiff sent a letter to DCFS requesting that Katisha be allowed to move back in with him. On September 7, 2007, DCFS initiated a Family Service Plan with respect to Katisha's guardianship, and on September 18, 2007, LSS completed a Comprehensive Multisystem Assessment of Katisha. Thereafter, on October 1, 2007, DCFS was granted discretion by the state court to place Katisha with a responsible relative or traditional foster case. On that same date, DCFS placed Katisha back with plaintiff and authorized payment for his services.

On November 18, 2007, plaintiff was evicted from his home and he placed the foster children with his family until he could establish a new residence. On December 1, 2007, plaintiff had established a new residence, but, according to the allegations in the complaint, "Lutheran Social Services [was] still blocking Katisha's return

**STATEMENT**

home." Katisha was returned to plaintiff on December 21, 2007.[3]

In his pro se complaint, plaintiff requests "the immediate return of Katisha" and damages in the amount of $2,000,000. Because Katisha was returned to him after the filing of his complaint, plaintiff admits that he is no longer seeking any injunctive relief.

## II. ANALYSIS

### A. DCFS's Motion to Dismiss

DCFS has moved to dismiss plaintiff's complaint, pursuant to Rule 12(b)(1), arguing that this court lacks subject matter jurisdiction. Specifically, DCFS argues, inter alia, that the Eleventh Amendment bars all of plaintiff's claims against DCFS. The court agrees. "[T]he Supreme Court long ago held that a citizen of a state may not bring an action against his own state in federal court." Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997). As a result, "the Eleventh Amendment bars an action in federal court against a state, its agencies, or its officials in their official capacity." Id. Because DCFS is a state agency, any claims plaintiff has against DCFS are barred by the Eleventh Amendment. Id. at 495. Accordingly, DCFS's motion to dismiss is granted.

### B. LSS's Motion to Dismiss

In its motion to dismiss, LSS argues, inter alia, that plaintiff's complaint fails to state a claim against LSS, and therefore, should be dismissed pursuant to Rule 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a complaint must contain both "a short and plain statement of the claim" showing that plaintiff is entitled to relief and sufficient factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to plaintiff. Moranski v. Gen. Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005).

Plaintiff alleges in his complaint that his claims against LSS are made pursuant to § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, there is no allegation in the complaint that LSS is a state actor or that LSS was otherwise acting under color of state law at the time of its interactions with plaintiff. As a result, plaintiff cannot state a claim for relief against LSS under § 1983. Moreover, even if LSS was considered a state actor, there are no facts alleged to suggest that its conduct amounted to a deprivation of plaintiff's constitutional rights. In fact, plaintiff does not even cite to any specific constitutional right that he claims has been violated. In short, plaintiff's complaint does not contain any allegation that raises his right to relief under § 1983 about the speculative level. See Twombly, 127 S. Ct. at 1965. Accordingly, LSS's motion to dismiss is granted.

## III. CONCLUSION

Based on the foregoing, the court concludes that both defendants' motions to dismiss are granted. Accordingly, plaintiff's complaint is dismissed in its entirety. The dismissal of the complaint against LSS shall be without prejudice to re-filing if plaintiff can cure the deficiencies noted herein. This case is closed.

---

1. The notification and the Indicated Perpetrator report are attached to the complaint.

2. The petition to reinstate wardship is attached to the complaint and indicates that the State's wardship previously was vacated in conjunction with the appointment of a private guardian.

3. Although not contained in plaintiff's complaint, which was filed on December 19, 2007, plaintiff admits in his sur-reply to DCFS's motion to dismiss that Katisha was returned to his home on December 21, 2007.